**In re NEXION HEALTH AT HUM-BLE, INC. d/b/a Humble Health-care Center, Relator.**

No. 04–0360.

Supreme Court of Texas.

May 27, 2005.

Supplemental Opinion on Rehearing Oct. 14, 2005.

Leighton Aiken, Dana Mark Campbell, Owens Clary & Aiken, L.L.P., Dallas, for Relator.

Michael H. Norman, Norman & Powell, Chris C. Pappas, Courtney Elizabeth Robinson Palm, Godwin Gruber, LLP, Houston, for Real Party.

**PER CURIAM.**

We must determine whether Medicare funds crossing state lines constitutes interstate commerce, thereby bringing a contract within the Federal Arbitration Act (FAA) and allowing arbitration in this case. The Fourteenth Court of Appeals denied Nexion Health at Humble, Inc. d/b/a Humble Healthcare Center's (HHC's) petition for writ of mandamus, and the First Court of Appeals is reviewing HHC's interlocutory appeal under the Texas Arbitration Act (TAA). We conclude this case falls under the FAA, so we conditionally grant HHC's mandamus.

In April of 2003, John D. Lyman was admitted to the Humble Healthcare Center, and his wife Marjorie executed an arbitration agreement with HHC. John died later that month. Marjorie filed a petition in the trial court asserting statutory claims for damages under the Texas Wrongful Death Act and the Texas Survival Statute against HHC. After the trial court denied HHC's motion to compel arbitration under the TAA, HHC filed a motion to reconsider, relying on evidence that HHC was reimbursed by Medicare for services rendered to John and requesting the court to compel arbitration pursuant to the FAA. The trial court denied HHC's motion to reconsider, and HHC filed a petition for writ of mandamus in the *Fourteenth Court of Appeals*, which was denied. HHC then filed an interlocutory appeal in the First Court of Appeals pursuant to the TAA[1] and a petition for writ of mandamus in this Court pursuant to the FAA.

Marjorie argues HHC has waived its right to arbitration under the FAA because it did not present any evidence that the FAA should govern the agreement before the trial court's order denying arbitration. We disagree. The

---

1. The notice of appeal is still pending in the First Court of Appeals.

fact that HHC argued only the TAA in its first motion for arbitration and raised new grounds under the FAA in its motion to reconsider does not estop HHC from seeking arbitration. *See Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898, 900 (Tex. 1995) (per curiam); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992); *see also In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex.1998) (per curiam).

Furthermore, HHC did not evince an intent to waive its arbitration right. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex.1996) (per curiam) ("Implying waiver from a party's actions is appropriate only if the facts demonstrate that the party seeking to enforce arbitration intended to waive its arbitration right."). Thus, HHC preserved its right to arbitrate under the FAA by providing evidence in its motion to reconsider.

Marjorie also argues HHC waived its right to compel arbitration by concealing the arbitration agreement in contravention of article 4590i [2] of the Texas Revised Civil Statutes. However, this article only requires a party to produce medical records (not other documents) upon receipt of a written request by another party. Thus, HHC did not waive its arbitration right.

■ Marjorie contends there is insufficient evidence of interstate commerce to compel arbitration under the FAA. We disagree. The FAA "extends to any contract affecting commerce, as far as the Commerce Clause of the United States Constitution will reach." *In re L & L Kempwood Assocs., L.P.*, 9 S.W.3d 125, 127 (Tex.1999) (per curiam); *see Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56–57, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003). Because "commerce" is broadly construed,

the evidence of Medicare payments made to HHC on John's behalf is sufficient to establish interstate commerce and the FAA's application in this case. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754 (Tex.2001).

■ Further, HHC argues the FAA preempts the TAA. We agree. The factors that determine whether the FAA preempts the TAA are whether (1) the agreement is in writing, (2) it involves interstate commerce, (3) it can withstand scrutiny under traditional contract defenses, and (4) state law affects the enforceability of the agreement. *See* 9 U.S.C. § 2. Factors (1) and (3) are undisputed, and, because HHC was reimbursed by the Medicare program for services rendered to John, the arbitration agreement involves interstate commerce. The TAA interferes with the enforceability of the arbitration agreement by adding an additional requirement—the signature of a party's counsel—to arbitration agreements in personal injury cases. *See* (Tex. Civ. Prac. & Rem.Code § 171.002(a)(3), (c)). Thus, the TAA is preempted by the FAA. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996); *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 606 n. 5 (Tex.2005); *see also Jack B. Anglin Co.*, 842 S.W.2d at 271.

■ HHC argues, because this case is governed by the FAA, mandamus is available and its interlocutory appeal is immaterial. We agree. Mandamus relief is only available when a party has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004). In this case, the arbitration

2. Act of May 30, 1977, 65th Leg., R.S., ch. 817, § 4.01(d), 1977 Tex. Gen. Laws 2039, 2047–48, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884, *replaced by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 864–82.

agreement is governed by the FAA, which provides no option of interlocutory appeal; therefore, mandamus is available, and HHC's interlocutory appeal is immaterial. *See Jack B. Anglin Co.,* 842 S.W.2d at 272.

Because the TAA is preempted by the FAA in this case, the signature of Marjorie's counsel was not a prerequisite to enforcement of the arbitration agreement. Accordingly, we conditionally grant the writ of mandamus and direct the trial court to order that all claims proceed to arbitration under the FAA. The clerk is instructed to issue the writ only if the trial court fails to do so.

### ON MOTION FOR REHEARING OF CAUSE

### SUPPLEMENTAL PER CURIAM.

■ On rehearing, the real party raised for the first time that the Federal Arbitration Act is "reverse preempted" by the McCarran–Ferguson Act, citing for authority the Houston court of appeals decision in *In re Kepka. See* McCarran–Ferguson Act, 15 U.S.C. § 1012(b); Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.; see also In re Kepka,* ——S.W.3d——, 2005 WL 1777996, (Tex.App.-Houston [1st Dist.] 2005). Because this issue has not been reviewed by the courts below, we decline to reach the issue and express no opinion as to the merits of this argument.