COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-136-CV

 

BANC OF AMERICA AGENCY OF                                          APPELLANTS

TEXAS,
INC. AND JOHN SHIREY

 

                                                   V.

 

JAMES E. PICKARD, INDEPENDENT                                           APPELLEE

EXECUTOR
OF THE ESTATE OF MICHAEL

WESLEY
PICKARD, DECEASED

 

                                              ------------

 

                 FROM
THE PROBATE COURT OF DENTON COUNTY

 

                                              ------------

 

                                        NO.
2-05-209-CV

 

BANC OF AMERICA INVESTMENT                                          APPELLANT

SERVICES,
INC.

 

                                                   V.

 

JAMES E. PICKARD, INDEPENDENT                                           APPELLEE

EXECUTOR
OF THE ESTATE OF MICHAEL

WESLEY
PICKARD, DECEASED

 

                                              ------------

 

                 FROM
THE PROBATE COURT OF DENTON COUNTY

 

                                              ------------








                                        NO.
2-05-281-CV

 

IN RE JOHN SHIREY, BANC OF                                               RELATORS

AMERICA
AGENCY OF TEXAS, INC.

AND
BANC OF AMERICA

INVESTMENT
SERVICES, INC.

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

These cases involve the March
19, 2003 purchase of a Alife only@ annuity by Michael Wesley Pickard for $333,333.  Pickard was to receive monthly payments of
$1,800; on May 24, 2003, he died of AIDS. 
Pickard=s estate
sued John Shirey, Banc of America Agency of Texas, Inc., and Banc of America
Investment Services, Inc., the broker and companies, respectively, that sold
him the annuity (hereinafter, the defendants), alleging violations of the Texas
Deceptive Trade Practices Act and common law fraud in connection with the
purchase of the annuity.  The estate
alleged that Pickard was mentally incompetent at the time he purchased the
annuity. 








The defendants moved to
compel arbitration pursuant to the AAnnuity Order/Disclosure Ticket@ signed by Pickard when he purchased the annuity.  The estate responded that 1) the first page
of the Annuity Order/Disclosure Ticket signed by Pickard and produced by
defendants mentioned an arbitration agreement, but was not an arbitration
agreement, and 2) because consent to an arbitration agreement is required, the
issue of Pickard=s mental
incompetency, that is, whether he lacked the capacity to consent, was a
threshold issue to be determined by the trial court before the case could be
ordered to arbitration.  The defendants= position was that the issue of Pickard=s mental competency was a defense to the contract that should be
determined by an arbitrator.  After two
evidentiary hearings, the trial court denied the defendants= motion. 








The defendants filed
interlocutory appeals[2]
asserting arbitration is appropriate under the Texas Arbitration Act (TAA)[3]
and a mandamus proceeding[4]
asserting arbitration is appropriate under the Federal Arbitration Act (FAA).[5]  We consolidated the appeals and the original
proceeding, received briefing, and heard oral argument.[6]


A denial of an application to
compel arbitration under the TAA is appealable. 
Tex. Civ. Prac. & Rem. Code
Ann. '
171.098(a)(1) (Vernon 2005).  A denial of
an application to compel arbitration under the FAA is not appealable; filing a petition
for writ of mandamus is the proper procedure to resolve disputes governed by
the FAA.  Jack B. Anglin Co. v. Tipps,
842 S.W.2d 266, 272‑73 (Tex. 1992) (orig. proceeding); see 9
U.S.C.A. ' 16 (West 1999).

The FAA Aextends to any
contract affecting commerce, as far as the Commerce Clause of the United States
Constitution will reach.@  In
re Nexion Health at Humble, Inc., 173 S.W.3d 67, 69 (Tex. 2005) (orig.
proceeding).  The factors that determine
whether the FAA preempts the TAA are whether: 1) the agreement is in writing;
2) it involves interstate commerce; 3) it can withstand scrutiny under
traditional contract defenses; and 4) state law affects the enforceability of
the agreement.  Id. 








All the parties agree that
the annuity purchase in this case involves interstate commerce through a sale
of securities.  We agree and hold that
the dispute between the parties involves arbitration under the FAA; therefore,
the defendants=
interlocutory appeals under the TAA are immaterial[7]
and are dismissed.  See Tex. R. App. P. 43.2(f). 








Because this transaction is
governed by the FAA, mandamus is the appropriate remedy to enforce the
agreement.  See Jack B. Anglin Co.,
842 S.W.2d at 272.  Mandamus will issue
only to correct a clear abuse of discretion or the violation of a duty imposed
by law when there is no other adequate remedy by law.  See In re FirstMerit Bank, N.A., 52
S.W.3d 749, 753 (Tex. 2001) (orig. proceeding); Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). 
Having considered the merits of the defendants= petition for writ of mandamus, we hold the trial court did not abuse
its discretion in denying defendants= motion to compel arbitration under the FAA.  See Tex.
R. App. P. 52.8(a), (d).  See
also In re United Pharmacare Servs., L.P., No. 02-05-018-CV, 2005 WL
1593470, at *1 (Tex. App.CFort Worth
July 7, 2005, orig. proceeding) (mem. op.) (holding trial court did not abuse
its discretion in denying motion to compel arbitration under FAA); In re
Murphy, No. 02-03-027-CV, 2004 WL 254223, at *1 (Tex. App.CFort Worth Feb. 12, 2004, orig. proceeding) (mem. op.) (same).  Accordingly, we deny the petition for writ of
mandamus. 

PER CURIAM

 

PANEL
B:  HOLMAN, WALKER, and McCOY, JJ.

 

DELIVERED:  January 5, 2006

 

 











[1]See Tex. R. App. P. 47.4.





[2]John
Shirey and Banc of America Agency of Texas, Inc. are the Appellants in cause
number 02-05-136-CV; Banc of America Investment Services, Inc. is the Appellant
in cause number 02-05-209-CV. 





[3]Tex. Civ. Prac. & Rem. Code Ann. '
171.021 (Vernon 2005).





[4]All
three defendants are Relators in the mandamus proceeding, cause number
02-05-281-CV.





[5]9
U.S.C.A. ' 2
(West 1999).





[6]See
In re Valero Energy Corp., 968 S.W.2d 916, 916-17 (Tex. 1998)
(orig. proceeding) (AWe
note for future cases that the better course of action for a court of appeals
confronted with an interlocutory appeal and a mandamus proceeding seeking to
compel arbitration would be to consolidate the two proceedings and render a
decision disposing of both simultaneously, thereby conserving judicial
resources and the resources of the parties.@).





[7]See
In re Nexion, 173 S.W.3d at 69-70 (holding that because the
arbitration agreement was governed by the FAA and mandamus is available,
appellant=s
interlocutory appeal under the TAA was Aimmaterial.@)