SHIREY ET AL. v. JAMES E. PICKARD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-136-CV

BANC OF AMERICA AGENCY OF APPELLANTS

TEXAS, INC. AND JOHN SHIREY

V.

JAMES E. PICKARD, INDEPENDENT APPELLEE

EXECUTOR OF THE ESTATE OF MICHAEL

WESLEY PICKARD, DECEASED

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

NO. 2-05-209-CV

BANC OF AMERICA INVESTMENT APPELLANT

SERVICES, INC.

V.

JAMES E. PICKARD, INDEPENDENT APPELLEE

EXECUTOR OF THE ESTATE OF MICHAEL

WESLEY PICKARD, DECEASED

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

NO. 2-05-281-CV

IN RE JOHN SHIREY, BANC OF RELATORS

AMERICA AGENCY OF TEXAS, INC.

AND BANC OF AMERICA

INVESTMENT SERVICES, INC.

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

These cases involve the March 19, 2003 purchase of a “life only” annuity by Michael Wesley Pickard for $333,333.  Pickard was to receive monthly payments of $1,800; on May 24, 2003, he died of AIDS.  Pickard’s estate sued 
John Shirey, 
Banc of America Agency of Texas, Inc., and Banc of America Investment Services, Inc., 
the broker and companies, respectively, that sold him the annuity (hereinafter, the defendants), alleging violations of the Texas Deceptive Trade Practices Act and common law fraud in connection with the purchase of the annuity.  
The estate alleged that Pickard was mentally incompetent at the time he purchased the annuity.
 

The defendants moved to compel arbitration
 pursuant to the “Annuity Order/Disclosure Ticket” signed by Pickard when he purchased the annuity.  The estate responded that 1) the first page of the Annuity Order/Disclosure Ticket signed by Pickard and produced by defendants mentioned an arbitration agreement, but was not an arbitration agreement, and 2) because consent to an arbitration agreement is required, the issue of Pickard’s mental incompetency, that is, whether he lacked the capacity to consent, was a threshold issue to be determined by the trial court before the case could be ordered to arbitration.  The defendants’ position was that the issue of Pickard’s mental competency was a defense to the contract that should be determined by an arbitrator.  After two evidentiary hearings, the trial court denied the defendants’ motion. 

The defendants filed interlocutory appeals
(footnote: 2) asserting arbitration is appropriate under the Texas Arbitration Act (TAA)
(footnote: 3) and a mandamus proceeding
(footnote: 4) asserting arbitration is appropriate under the Federal Arbitration Act (FAA).
(footnote: 5)  We consolidated the appeals and the original proceeding, received briefing, and heard oral argument.
(footnote: 6) 

A denial of an application to compel arbitration under the TAA is appealable.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.098(a)(1) (Vernon 2005). 
 A denial of an application to compel arbitration under the FAA is not appealable; 
filing a petition for writ of mandamus is the proper procedure to resolve disputes governed by the FAA.  
Jack B. Anglin Co. v. Tipps
, 842 S.W.2d 266, 272-73 (Tex. 1992) (orig. proceeding); 
see
 9 U.S.C.A. § 16 (West 1999).

The FAA “extends to any contract affecting commerce, as far as the Commerce Clause of the United States Constitution will reach.”  
In re Nexion Health at Humble, Inc.
, 173 S.W.3d 67, 69 (Tex. 2005) (orig. proceeding).  The factors that determine whether the FAA preempts the TAA are whether: 1) the agreement is in writing; 2) it involves interstate commerce; 3) it can withstand scrutiny under traditional contract defenses; and 4) state law affects the enforceability of the agreement.  
Id.
 

All the parties agree that the annuity purchase in this case involves interstate commerce through a sale of securities.  We agree and hold that the dispute between the parties involves arbitration under the FAA; therefore, the defendants’ interlocutory appeals under the TAA are immaterial
(footnote: 7) and are dismissed. 
 See
 
Tex. R. App. P.
 43.2(f). 

Because this transaction is governed by the FAA, mandamus is the appropriate remedy to enforce the agreement.  
See Jack B. Anglin Co.
, 842 S.W.2d at 272.  
Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law.  
See In re FirstMerit Bank, N.A.
, 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding); 
Walker v. Packer
, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  
Having considered the merits of the defendants’ petition for writ of mandamus, we hold the trial court did not abuse its discretion in denying defendants’ motion to compel arbitration under the FAA.  
See
 
Tex. R. App. P.
 52.8(a), (d).  
See also
 
In re United Pharmacare Servs., L.P.
, No. 02-05-018-CV, 2005 WL 1593470, at *1 (Tex. App.—Fort Worth July 7, 2005, orig. proceeding) (mem. op.) (holding trial court did not abuse its discretion in denying motion to compel arbitration under FAA);
 
In re Murphy
, No. 02-03-027-CV, 2004 WL 254223, at *1 (Tex. App.—Fort Worth Feb. 12, 2004, orig. proceeding) (mem. op.) (same).  Accordingly, we deny the petition for writ of mandamus. 

PER CURIAM

PANEL B:  HOLMAN, WALKER, and McCOY, JJ.

DELIVERED:  January 5, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
John Shirey and Banc of America Agency of Texas, Inc. are the Appellants in cause number 02-05-136-CV; Banc of America Investment Services, Inc. is the Appellant in cause number 02-05-209-CV. 

3:
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.021 (Vernon 2005).

4:
All three defendants are Relators in the mandamus proceeding, cause number 02-05-281-CV.

5:
9 U.S.C.A. § 2 (West 1999).

6:
See 
In re Valero Energy Corp.
, 968 S.W.2d 916, 916-17 (Tex. 1998) (orig. proceeding) (“We note for future cases that the better course of action for a court of appeals confronted with an interlocutory appeal and a mandamus proceeding seeking to compel arbitration would be to consolidate the two proceedings and render a decision disposing of both simultaneously, thereby conserving judicial resources and the resources of the parties.”).

7:
See In re Nexion
, 173 S.W.3d at 69-70 (holding that because the arbitration agreement was governed by the FAA and mandamus is available, appellant’s interlocutory appeal under the TAA was “immaterial.”)