Opinion issued February 9, 2006








In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00004-CV




NEXION HEALTH AT HUMBLE, INC. D/B/A HUMBLE HEALTHCARE
CENTER, Appellant

V.

MARJORIE LYMAN, INDIVIDUALLY, AND AS SOLE SURVIVING SPOUSE
OF JOHN D. LYMAN, DECEASED, Appellee




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2003-48676




MEMORANDUM OPINION
          Appellant, Nexion Health at Humble, Inc. d/b/a Humble Healthcare Center
(“HHC”) attempts to bring an interlocutory appeal from the trial court’s order denying
appellant’s motion to compel arbitration, pursuant to the Texas Arbitration Act. In
a related mandamus proceeding arising out of the same trial court action, the Texas
Supreme Court has held that the Federal Arbitration Act (“FAA”) applies to this case,
not the Texas Arbitration Act. See In re Nexion Health at Humble, Inc., 173 S.W.3d
67, 69, 70 (Tex. 2005) (“In this case, the arbitration agreement is governed by the
FAA, which provides no option of interlocutory appeal, therefore, mandamus is
available and HHC’s interlocutory appeal is immaterial”). Absent application of the
Texas Arbitration Act, this Court has no jurisdiction to consider the interlocutory
appeal. See Tex. Civ. Prac. & Rem.Code Ann. § 171.098 (Vernon 2005); Jack B.
Anglin v. Tipps, 842 S.W.2d 266, 272 (Tex.1992) (holding mandamus is appropriate
remedy for cases applying Federal Arbitration Act).
          Accordingly, we dismiss the interlocutory appeal for want of jurisdiction.




                                                                        Sherry Radack
                                                                        Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Alcala.