Cause No








Cause No. 14-06-00099-CV,
Dismissed as Moot; Cause No. 14-06-00152-CV, Petition for Writ of Mandamus
Conditionally Granted; Opinion filed November 2, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00099-CV

_______________

D.R. HORTON, INC., Appellant 

V.

AURORA BROOKS, Appellee

                                                                                                                                               


On Appeal from the 270th District Court 

 Harris County, Texas

Trial Court Cause No. 05-66094

                                                                                                                                               


_______________

 

NO. 14-06-00152-CV

_______________

 

IN RE D.R. HORTON, Relator

                                                                                                                                               


ORIGINAL PROCEEDING

WRIT OF MANDAMUS

                                                                                                                                                

 

O P I N I
O N








Two
causes are before us, both involving the enforceability of an arbitration
clause contained in D.R. Horton, Inc.=s employee handbook acknowledgment
form.  D.R. Horton filed a motion to compel arbitration in the trial court
pursuant to the arbitration clause, and the trial court denied the motion. 
D.R. Horton sought review of the trial court=s order in this Court, filing an
interlocutory appeal and a petition for a writ of mandamus.  For the reasons
discussed below, we conditionally grant D.R. Horton=s petition for mandamus, Cause No.
14-06-00152-CV,  and, having granted full relief under our mandamus
jurisdiction, we dismiss as moot D.R. Horton=s interlocutory appeal, Cause No.
14-06-00099-CV.  See In re D. Wilson Constr. Co., 196 S.W.3d 774, 780
(Tex. 2006) (orig. proceeding).[1] 

Background 

Aurora
Brooks was hired by D.R. Horton in April of 2004.  Upon employment, Brooks, an
at-will employee, received a copy of D.R. Horton=s Employee Handbook (AHandbook@) and signed the attached AEmployee Acknowledgment Form@ (the AEAF@).  The EAF contains five paragraphs,
four of which acknowledge Brooks=s receipt of the Handbook and affirm
her understanding of D.R. Horton=s employment policies.  One paragraph
contains an agreement to submit any disputes arising from her employment, or
its termination, to arbitration.  








When
Brooks=s employment was terminated, she
filed suit against D.R. Horton under the Texas Commission on Human Rights Act,[2]
claiming she had been treated in a discriminatory manner due to her age.  D.R.
Horton filed its motion to dismiss and compel arbitration and attached a copy
of the EAF signed by Brooks.  The trial court denied the motion without
explanation.  D.R. Horton then filed its interlocutory appeal and petition for
mandamus relief.  We begin by determining which of these procedural vehicles
should be used to challenge the trial court=s denial of arbitration in this case.


Interlocutory Appeal or Mandamus? 

If
arbitration is denied under the Texas Arbitration Act (ATAA@),[3]
the trial court=s order may be challenged through an interlocutory appeal.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 171.098(a); Jack B. Anglin Co. v.
Tipps, 842 S.W.2d 266, 271B72 (Tex. 1992).  However, relief from a denial of arbitration
under the Federal Arbitration Act (AFAA@)[4]
must be pursued through mandamus.  See In re Nexion Health at Humble, Inc.,
173 S.W.3d 67, 69B70 (Tex. 2005); Jack B. Anglin Co., 842 S.W.2d at 272;
see also In re D. Wilson Constr. Co., 196 S.W.3d at 780 n.4 (reaffirming
that review of denial of arbitration under the FAA by interlocutory appeal
falls outside of appellate jurisdiction).  

Here,
the arbitration clause provides that arbitration is pursuant to the provisions
of the FAA or, if inapplicable, a state arbitration statute.  Neither party
contends the FAA is inapplicable and, in the trial court, D.R. Horton sought to
compel arbitration under the FAA.[5]  When an
employment agreement references both the FAA and the TAA, the FAA prevails.  EZ
Pawn Corp. v. Mancias, 934 S.W.2d 87, 91 (Tex. 1996).  Thus, we review
denial of arbitration through D.R. Horton=s mandamus proceeding.    

Standard of Review 








A writ
of mandamus will issue to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  See Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992); see also In re Nexion Health, 173 S.W.3d at 69B70.  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law or if it clearly fails to correctly
analyze or apply the law.  In re Ford Motor Co., 165 S.W.3d 315, 317
(Tex. 2005).  The relator has the burden to establish that the trial court
abused its discretion.  See id.  There is no other adequate remedy at
law when a trial court improperly denies a motion to compel arbitration under
the FAA.  In re Nexion Health, 173 S.W.3d at 69B70.  

Discussion

A party
moving to compel arbitration must prove the existence of a valid arbitration
agreement and a dispute falling within the scope of the agreement.  In re
AdvancePCS Health L.P., 172 S.W.3d 602, 605 (Tex. 2005); J.M. Davidson,
Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003).  If the trial court finds
there is a valid agreement to arbitrate, the burden shifts to the party
opposing arbitration to prove his defenses.  Davidson, 128 S.W.3d at
227.  The trial court=s determination of the arbitration agreement=s validity is a legal question
subject to de novo review.  Id.  

There is
a strong presumption in favor of arbitration once the existence of a valid
arbitration agreement has been shown.  See id.  If there is a valid
arbitration agreement encompassing the claims and the party opposing
arbitration fails to prove his defenses, the trial court has no discretion but
to compel arbitration.  In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753B54 (Tex. 2001).  In this case, the
parties do not dispute that Brooks=s claim falls within the scope of the
arbitration clause; the issue presented concerns the validity of the agreement.

We
determine the validity of arbitration agreements by applying state-law contract
principles.  Davidson, 128 S.W.3d at 227.  When construing the
agreement, our primary concern is to ascertain the intent of the parties as
expressed in the instrument.  Id. at 229.  In doing so, we examine the
entire writing as a whole and give effect to all its provisions.  Id.








The EAF
signed by Brooks and attached to D.R. Horton=s motion to compel contains the
following arbitration clause:  

In the event there is any dispute arising out of your
employment with D.R. Horton, Inc., or the termination thereof, which the
parties are unable to resolve through direct discussion or mediation,
regardless of the kind or type of dispute, you and D.R. Horton, Inc. agree to
submit all such disputes exclusively to final and binding arbitration pursuant
to the provisions of the Federal Arbitration Act, or, if inapplicable, any
applicable state arbitration stature (sic), or any successor or replacement
statutes, upon a request submitted in writing to the Legal Department in the
Corporate office within one (1) year of the date when the dispute first arose,
or within (1) year of the termination of employment, whichever occurs first. 
Any failure to request arbitration timely shall constitute a waiver of all
rights to raise any claims in any forum arising out of any dispute that was
subject to arbitration.  The limitations period set forth in this paragraph
shall not be subject to tolling, equitable or otherwise.

Because this provision
expressly requires both parties to arbitrate disputes regarding Brooks=s employment, D.R. Horton contends
the trial court had no discretion but to compel arbitration.  We agree. 

An
at-will employee who receives notice of an employer=s arbitration policy and continues or
commences employment accepts the terms of the agreement as a matter of law.  In
re Dallas Peterbilt, Ltd., L.L.P., 196 S.W.3d 161, 162 (Tex. 2006); see
In re Halliburton Co., 80 S.W.3d 566, 568 (Tex. 2002).  Therefore, by
signing the EAF and commencing employment, Brooks accepted the terms of this
arbitration provision as a matter of law, and a valid agreement to arbitrate
was formed.  See, e.g., In re Dallas Peterbilt, 196 S.W.3d at
162; In re Palm Harbor Homes, Inc., 195 S.W.3d 672, 676 (Tex. 2006); see
also Davidson, 128 S.W.3d at 229.  Brooks does not deny that she signed the
EAF nor argue she did not have notice of its provisions.  Instead, Brooks
claims the arbitration provision is unenforceable because it is illusory, its
terms are too indefinite to form a binding contract, and it is unconscionable.








1. 
Is the Arbitration Agreement Illusory?           

An
illusory promise is one that fails to bind the promisor because he retains the
option of discontinuing performance without notice.  See O=Farrill Avila v. Gonzalez, 974 S.W.2d 237, 244 (Tex. App.CAustin 1998, pet. denied).  Like
other contracts, arbitration agreements must be supported by consideration.  In
re Palm Harbor Homes, 195 S.W.3d at 676.  

Under
Texas law, at‑will employment does not preclude formation of other
contracts between employer and employee, so long as neither party relies on
continued employment as consideration for the contract.  Davidson, 128
S.W.3d at 228.  Mutual promises to submit employment disputes to arbitration
constitute sufficient consideration to support an arbitration agreement;
however, if the employer can avoid its promise to arbitrate, the agreement is
illusory.  See, e.g., id.; In re Halliburton, 80 S.W.3d at
569B70 (concluding agreement was binding
on both the employer and the employee and therefore, was not illusory).                         

To
support her argument of illusoriness, Brooks relies on the following
provisions:

Since the
information, policies and benefits described here are subject to change, I
acknowledge that revisions to the handbook may occur. . . . I understand that
revised information may supersede, modify, or eliminate existing policies.

[T]his handbook is neither a contract of employment
nor a legal document.

D.R. Horton, Inc. reserves the right to revise,
supplement, or rescind any policies or portion of the handbook from time to
time as it deems appropriate, in its sole and absolute discretion.  The only
exception to any changes is our employment-at-will policy . . . .








Policies set forth in this handbook are not intended
to create a contract, nor are they to be construed to constitute contractual
obligations of any kind . . . between D.R. Horton, Inc. and any of its
employees.  The provisions of the handbook have been developed at the
discretion of management and, except for its policy of employment-at-will, may
be amended or cancelled at any time, at D.R. Horton, Inc.=s sole discretion.[6]

According to Brooks, the
first provision is an express reservation of the right to amend or rescind the
arbitration clause, and the second statement, contained in the paragraph
immediately preceding the arbitration clause, negates D.R. Horton=s intent that the EAF is a binding
agreement.  The cited provisions, however, expressly refer to the Handbook, not
the EAF, and there is no provision within the EAF in which D.R. Horton reserves
the right to unilaterally amend or rescind the arbitration agreement.  

The
arbitration clause is further distinguished from the remaining EAF provisions
in both its tone and perspective.  It contains promises by both D.R. Horton and
Brooks to submit their claims to arbitration, stating:  AIn the event there is any dispute
arising out of your employment . . . which the parties are unable to resolve .
. . you and D.R. Horton, Inc. agree to submit all such disputes . . . to final
and binding arbitration.@  However, the remaining EAF provisions, narrated from the
employee=s perspective, are affirmations of
the employee=s understanding of the Handbook=s terms and policies and refer to his
or her responsibilities therein.  Thus, when the EAF provisions are read as a
whole, the tone of the arbitration clause itself evidences an intent that it is
a separate agreement with a distinct purpose.   The last sentence in the EAF
supports this conclusion, stating AI agree, as shown by my signature, to
accept, endorse and abide by all Company policies and procedures and to
arbitrate any disputes.@  (Emphasis added).  If the agreement to arbitrate was
intended to be a company policy or procedure subject to revision at D.R. Horton=s discretion, reiterating the
employee=s agreement to arbitrate is
unnecessary.[7]








Brooks
further argues, that because the EAF is expressly listed in the Handbook=s table of contents as a Apolicy,@ when the documents are read
together, the EAF is subject to unilateral amendment or rescission.  But, even
construing the arbitration agreement as a Handbook Apolicy@ subject to amendment, the EAF
provides that any change in its Handbook policies or information will be
communicated through Aofficial notices.@  Because any changes or amendments
must be communicated through notice, the promise to arbitrate is not illusory. 
See, e.g., In re Dillard Dep=t Stores, Inc., 198 S.W.3d 778, 782 (Tex. 2006)
(stating that when employer adopts or amends a policy, the changes will not
affect employees who do not receive notice of the changes and accepts them); In
re Halliburton, 80 S.W.3d at 569B70 (finding arbitration agreement was
enforceable because right to amend required a 10-day notice).[8] 
We reject Brooks=s contention that D.R. Horton reserved the right to
unilaterally amend or rescind the arbitration agreement.   

Brooks
claims that Tenet Healthcare Ltd. v. Cooper, 960 S.W.2d 386, 389 (Tex.
App.CHouston [14th Dist.] 1998, dism=d w.o.j.), in which this Court
concluded the agreement to arbitrate was illusory, controls our disposition of
this case; however, Cooper is distinguishable.  In that case, the
preface to the employee handbook contained an express reservation by the
employer to exercise its discretion regarding dispute resolution procedures,
stating:  

As regards the Fair Treatment Procedure, AMI is
committed to accepting the obligation to support and assure access to the
binding arbitration procedure for solving disputes, if necessary.  Situations
may arise from time to time which, in the Company=s judgement require procedures or
actions different than those described in this document or other written
policies.  Since the Company maintains the sole and exclusive discretion to
exercise the customary functions of the management . . . the judgement of
management shall be controlling in all such situations.








Id. at 386B87.  This provision is not a mutual
agreement to arbitrate.  Only the employee agreed to submit disputes to
arbitration.  Also, in Cooper, the employee=s agreement to arbitrate was
expressly conditioned on continued employment:  AI understand AMI makes available
arbitration . . . I also understand that as a condition of employment and
continued employment, I agree to submit any complaints to . . . [arbitration] .
. . .@  Id. at 387.  Because
continued employment was the only consideration for the agreement to arbitrate,
this Court stated there was Ano mutuality of obligation because [the employer=s] agreement to continue [the
employee=s] employment was illusory@ from the contract=s inception.  Id. at 388; see
also Davidson, 128 S.W.3d at 228 (stating under Texas law neither party can
rely on continued employment as consideration for the agreement in an at-will
employment relationship).  Because the employer had no obligation to perform
under the agreement, we also rejected its argument that the parties had formed
a unilateral contract.  See id. at 389.[9]


Unlike Cooper,
in this case, the parties entered into a valid mutual agreement to arbitrate
that is supported by sufficient consideration, and the trial court had no
discretion but to compel arbitration.

            2.         Is the
Arbitration Agreement Unconscionable? 

Brooks
also argues the arbitration agreement is unenforceable because it is
substantively and procedurally unconscionable.  As we noted, Brooks has the
burden to prove her defenses to arbitration.  See In re FirstMerit, 52
S.W.3d at 756.

Substantive
unconscionability refers to the fairness of the arbitration provision itself,
and procedural unconscionability refers to the circumstances surrounding
adoption of the arbitration provision.  In re Palm Harbor Homes, 195
S.W.3d at 677.  There is nothing inherently unconscionable about arbitration
agreements.  In re AdvancePCS, 172 S.W.3d at 608. 








Brooks
contends the arbitration provision is substantively unconscionable because it
burdens a party with prohibitive arbitration costs.  She argues the arbitration
provision is procedurally unconscionable because the EAF states that it is not
a legal, contractual document.  We reject Brooks=s substantive unconscionability
argument as moot because D.R. Horton has agreed to pay all costs associated
with the arbitration of their dispute.  Further, as discussed in this opinion,
the arbitration provision is a valid and enforceable agreement.  Therefore,
Brooks has not established that the arbitration clause is unconscionable.  

Conclusion

In sum,
we conclude that the trial court abused its discretion in failing to order
Brooks to arbitrate her claim against D.R. Horton pursuant to the arbitration
agreement between the parties.  We conditionally grant the writ of mandamus and
direct the trial court to vacate the order denying D.R. Horton=s motion to compel and enter an order
compelling the parties to arbitration. The writ will issue only if the trial
court fails to comply with this opinion.  

 

 

 

 

/s/        Leslie B. Yates 

Justice  

 

 

Petition for Writ of Mandamus Conditionally Granted
and Opinion filed November 2, 2006.

Panel consists of Chief Justice Hedges, and Justices
Yates and Guzman. 









[1]We also deny the motion to dismiss D.R. Horton=s appeal for lack of jurisdiction filed by Aurora
Brooks, appellee and real party in interest, which was taken with the case.  See
In re D. Wilson Constr. Co., 196 S.W.3d at 780.   





[2]See Tex.
Lab. Code Ann. '' 21.001B.556
(Vernon 2006). 





[3]See Tex.
Civ. Prac. & Rem. Code Ann. ch. 171 (Vernon 2005).





[4]See 9 U.S.C.
'' 1B16.





[5]D.R. Horton noted in its motion, however, that an
analysis under the TAA was not necessary if the arbitration clause was
enforceable under the FAA. 





[6]The first two provisions are contained the EAF itself,
while the latter two are contained in the Handbook.  





[7]For the reasons set forth, we also reject Brooks=s argument that because D.R. Horton has retained the
ability to amend or avoid the arbitration clause at its discretion, its terms
are too indefinite to form a binding contract.    





[8]See also Hewlett‑Packard Co. v. Benchmark
Elecs., Inc., 142 S.W.3d 554, 563
(Tex. App.CHouston [14th Dist.] 2004, pet. denied) (stating that
where contract is silent regarding the date for an action to be taken, courts
will construe the contract as requiring such action be taken within a
reasonable time).





[9]But see In
re Alamo Lumber Co., 23 S.W.3d 577, 581 (Tex. App.CSan Antonio 2000, pet. denied) (stating Cooper
failed to correctly consider a unilateral contract analysis).