Opinion issued December 10, 2009 











In The
Court of Appeals
For The
First District of Texas
 ______________

NO. 01-09-00769-CV
 ______________
IN RE MARK CECIL PROVINE, Relator









Original Proceeding on Petition for Writ of Mandamus








* * *
_______________

NO. 01-09-00770-CV
_______________

MARK CECIL PROVINE,
APPELLANT
V.
KELLY GEIS PROVINE,
APPELLEE







On Appeal from the 246th Judicial District Court 
Harris County, Texas
Trial Court Cause No. 2007-38854









O P I N I O N




          In this dispute arising out of a divorce decree, Mark Cecil Provine seeks relief
from the trial court’s denial of his motion to compel arbitration via an interlocutory
appeal and a petition for writ of mandamus.


 Mark contends that the trial court
abused its discretion by denying his motion. We conclude that the trial court erred
by denying the motion to compel arbitration pursuant to the arbitration agreement in
the final divorce decree. Accordingly, we reverse the trial court’s order. We dismiss
the petition for writ of mandamus as moot. 
Background

          Mark and Kelly divorced on January 20, 2009. The divorce decree provides,
          Division of Marital Estate
The Court finds that the parties have entered into a written agreement
for the division of their community estate, which is set out in a Mediated
Settlement Agreement which is attached hereto as Exhibit “A” and
incorporated herein by reference. The Court finds that this agreement
is a just and right division of the community estate. 
 
The partial mediated settlement agreement establishes a procedure for the resolution
of the parties’ disputes concerning the divorce decree. It states:
If one or more disputes arise with regard to the drafting of the decree,
closing documents, the interpretation, omitted issues, and/or
performance of this agreement or any of its provisions, the party’s
attorneys agree to attempt to resolve same by phone conference with the
Mediator who facilitated this settlement. If their differences cannot
resolve by phone conference, then the disputed issues shall be resolved
by arbitration as set forth below.
 
ANY DISPUTES ARISING FROM THE DRAFTING OF THE
DECREE, CLOSING DOCUMENTS, THE INTERPRETATION,
OMITTED ISSUES, AND/OR PERFORMANCE OF THIS
AGREEMENT OR ANY OF ITS PROVISIONS, WHICH
CANNOT BE RESOLVED BY PHONE CONFERENCE AS SET
FORTH ABOVE, SHALL BE DECIDED BY BINDING
ARBITRATION WITH WARREN COLE SERVING AS
ARBITRATOR. Parties and/or counsel agree to notify Mr. Cole, in
writing, of their request for his services at least seven days prior to a
Court entry date and shall deposit an additional $450.00 per party
toward the cost of said services before any arbitration services are
rendered. 
. . . .
 
This agreement is made and performable in Harris County, Texas, and
shall be construed in accordance with the laws of the State of Texas.
 
Thereafter, disputes arose over the division of property. On March 25, 2009, Kelly
petitioned for enforcement of the agreement, contending that Mark had not properly
performed his obligations pursuant to the property division set forth in the agreement.
          Specifically, Kelly contended that,
[Mark] has failed to surrender assets owned by Kelly in the possession
of [Mark]. While in possession of those assets, [Mark] has converted
portions of same to his own use and benefit all to the damage of [Kelly]
and for which [Kelly] requests this Court order restored and turned over
to [her]. . . .
 
[Kelly] requests this Court immediately order the turn over of all
property in possession of [Mark] that rightfully belongs to [her] pursuant
to all of the agreements of the parties and the Orders of this Court. 
 
If the items belonging to [Kelly] are not immediately surrendered
[Kelly] requests that this Court enter an order placing all of the assets
the subject of this lawsuit placed within custodies legis and distributed
to the rightful owner pursuant to the lawful order of this court.
. . . .
 
[Mark] has failed to file an Inventory. . . .
 
[Mark] has failed to pay Attorney and Expert fees. . . .
 
[Mark] . . . has failed to surrender to [Kelly] the proceeds from assets he
has converted to his own use and benefit and he should be ordered to
pay to [Kelly] all the proceeds from any assets, he has sold or disposed
of, that form the basis of the security under the specific terms of the
Mediated Settlement Agreement.
 
[Mark] has failed to pay community on going bills and expenses he was
obligated to pay under the agreement of the parties.
 
On June 25, 2009, Mark moved to compel arbitration according to the arbitration
clause in the agreement. At the hearing the trial court stated, 
It would be my ruling that this is post divorce and post mediation and
post arbitration. . . . I am ruling that the mediation and the arbitration
provisions are deemed merged into the decree of divorce and that post
divorce matters will be determined by the Court, so the Court denies the
motion to compel arbitration. 
 
On September 3, 2009, the trial court signed an order denying Mark’s motion to
compel arbitration. In the order, the trial court noted that “the Court finds that it has
no plenary power to compel arbitration at this time.” 
Appellate Jurisdiction
          We have jurisdiction over this appeal under the Federal Arbitration Act
(“FAA”)


 or the Texas Arbitration Act (“TAA”).


 Tex. Civ. Prac. & Rem. Code
Ann. § 51.016 (Vernon Supp. 2009);


 id. § 171.098 (Vernon 2005). The FAA
preempts all otherwise applicable state laws, including the TAA, under the
Supremacy Clause of the United States Constitution. U.S. Const. art. VI; see Allied-Bruce Terminix Co. v. Dobson, 513 U.S. 265, 272, 115 S. Ct. 834, 838 (1995). But
the FAA preempts the TAA only if “(1) the agreement is in writing, (2) it involves
interstate commerce, (3) it can withstand scrutiny under traditional contract defenses
[under state law], and (4) state law affects the enforceability of the agreement.” In
re D. Wilson Constr. Co., 196 S.W.3d 774, 780 (Tex. 2006) (orig. proceeding)
(quoting In re Nexion Health at Humble, Inc. 173 S.W.3d 67, 69 (Tex. 2005)). “For
the FAA to preempt the TAA, state law must refuse to enforce an arbitration
agreement that the FAA would enforce.” Id. 
          Here, the arbitration agreement provides that it is governed by the laws of
Texas. It does not specifically exclude the FAA, but nothing in the agreement
involves interstate commerce, and the property at issue is within Texas. Moreover,
the parties have asserted nothing in the TAA that would subvert enforcement of the
agreement, where the FAA would otherwise enforce it. Therefore, the FAA does not
preempt the TAA in this case. Id. Because we have jurisdiction to hear the case via
an appeal, we dismiss Mark’s petition for writ of mandamus. Id. The Interlocutory Appeal
           In his sole issue, Mark contends that the trial court erred by denying the motion
to compel arbitration.
A.      Applicable LawA party moving to compel arbitration must establish (1) the existence of a
valid, enforceable arbitration agreement and (2) that the claims asserted fall within
the scope of that agreement. Valero Energy Corp. v. Teco Pipeline Co., 2 S.W.3d 576,
581 (Tex. App.—Houston [14th Dist.] 1999, no pet.). If the movant establishes that
an arbitration agreement governs the dispute, the burden then shifts to the party
opposing arbitration to establish a defense to the arbitration agreement. See In re
Oakwood Mobile Homes, Inc., 987 S.W.2d 571, 573 (Tex.1999) (orig. proceeding). 
A party may revoke the agreement only on a ground that exists at law or in equity for
the revocation of a contract. Tex. Civ. Prac. & Rem. Code Ann. § 171.001 (Vernon
2005). “Once the trial court concludes that the arbitration agreement encompasses
the claims, and that the party opposing arbitration has failed to prove its defenses, the
trial court has no discretion but to compel arbitration and stay its own proceedings.” 
In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753–54 (Tex. 2001).
          Whether an agreement imposes a duty to arbitrate is a question of law which
the appellate court reviews de novo. In re C & H News Co., 133 S.W.3d 642, 645
(Tex. App.—Corpus Christi 2003, orig. proceeding). In determining whether a claim
falls within the scope of an arbitration agreement, the court must focus on the factual
allegations of the underlying suit and resolve any doubts in favor of coverage. In re
FirstMerit Bank, N.A., 52 S.W.3d at 753, 754. “Texas law favors arbitration.” Kosty
v. S. Shore Harbor Cmty. Ass’n, Inc., 226 S.W.3d 459, 463 (Tex. App.—Houston [1st
Dist.] 2006, pet. denied). 
 
          In First Options of Chicago, Inc. v. Kaplan, the United States Supreme Court
stated that “[w]hen deciding whether the parties agreed to arbitrate a certain matter
(including arbitrability), courts generally . . . should apply ordinary state-law
principles that govern the formation of contracts,” with the qualification that, “when
courts decide whether a party has agreed that arbitrators should decide arbitrability,”
courts “should not assume that the parties agreed to arbitrate arbitrability unless there
is ‘clea[r] and unmistakabl[e]’evidence that they did so.” 514 U.S. 938, 944, 115
S.Ct. 1920, 1924 (1995); accord In re Weekley Homes, L.P., 180 S.W.3d 127, 130
(Tex. 2005) (“[A]bsent unmistakable evidence that the parties intended to the
contrary, it is the courts rather than the arbitrators that must decide ‘gateway matters’.
. . .”); Burlington Res. Oil & Gas Co., LP v. San Juan Basin Royalty Trust, 249
S.W.3d 34, 39–42 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). A mediator
may also serve as an arbitrator if the parties consent. See In re Cartwright, 104
S.W.3d 706, 714 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (noting
mediator should not act as arbitrator in the same or a related dispute without the
express consent of the parties).
          A trial court’s power to modify its judgment is virtually absolute during the
period of its plenary power. See Stallworth v. Stallworth, 201 S.W.3d 338, 349 (Tex.
App—Dallas 2006, no pet.). The trial court’s plenary power to grant a new trial or
to vacate, modify, correct, or reform a judgment is limited to a maximum of one
hundred and five days after the judgment is signed. In re Nguyen, 155 S.W.3d 191,
193 (Tex. App.—Tyler 2003, orig. proceeding). After the trial court’s plenary power
expires, the trial court may not alter, amend, or modify the substantive division of the
property in the divorce decree. See Tex. Fam. Code Ann. § 9.007 (Vernon 2006);
In re Garza, 153 S.W.3d 97, 102 (Tex. App.—San Antonio 2004, orig. proceeding). 
A court that rendered a divorce decree generally retains continuing subject-matter
jurisdiction, however, to enforce and to clarify the divorce decree's property division. 
See Tex. Fam. Code Ann. § 9.002 (Vernon Supp. 2009), § 9.008 (Vernon 2006);
Gainous v. Gainous, 219 S.W.3d 97, 106 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied). The Family Code provides limited, post-judgment jurisdiction that may be
invoked only in particular circumstances, rather than plenary, original jurisdiction. 
See generally Tex. Fam. Code Ann. §§ 9.002, 9.006, 9.008, 9.101, 9.103, and 9.104;
Gainous, 219 S.W.3d at 108. 
          A party may seek clarification of a divorce decree through a suit for
enforcement or a motion to clarify. See Tex. Fam. Code Ann. §§ 9.001, 9.006,
9.008. In a suit to enforce the decree, a court has continuing jurisdiction to render
further orders to enforce the division of the property made in the decree of divorce
to assist in the implementation of or to clarify the prior order. See id. § 9.006(a);
Gainous, 219 S.W.3d at 106. However, a court may not amend, modify, alter, or
change the division of property made or approved in the divorce decree. See Tex.
Fam. Code Ann. § 9.007(a); Shanks v. Treadway, 110 S.W.3d 444, 449 (Tex. 2003). 
B.      Analysis
          1.       Continuing Jurisdiction
          Mark asserts that the trial court erred by denying the motion to compel
arbitration, reasoning that the agreement “merged into the decree of divorce” and thus
“post divorce matters [would] be determined by the court.” It is undisputed by the
parties that the trial court lacks plenary power to alter, amend, or modify the
substantive division of the property in the divorce decree. See Tex. Fam. Code Ann.
§ 9.007. The trial court possesses continuing jurisdiction, however, to “render further
orders to enforce the division of property made in the decree of divorce or annulment
to assist in the implementation of or to clarify the prior order.” Tex. Fam. Code Ann.
§ 9.006(a). Therein lies the basis for the trial court’s jurisdiction over this matter. 
The “division of property made in the decree of divorce” is contained in the mediated
settlement agreement, which the trial court expressly incorporated within its divorce
decree. Id. In her motion to enforce, Kelly did not ask the trial court to amend,
modify, alter, or change the division of property, but sought enforcement of the
decree. See Tex. Fam. Code Ann. § 9.007(a); Shanks, 110 S.W.3d at 449. Because
the trial court possesses continuing jurisdiction to enforce the agreement, the trial
court had jurisdiction to rule on the motion to compel arbitration, as it was the parties’
agreed mechanism for enforcement of the provisions of the decree. 
          2.       Identical Mediator and Arbitrator
          Before the trial court, Kelly asserted that the agreement was invalid because it
specifically names the mediator, Warren Cole, to serve also as the arbitrator. Our
court has held that a mediator can serve as an arbitrator in the same matter with the
parties’ consent, because the parties know that information disclosed to the mediator
during mediation can be used by the mediator in making an arbitration decision. In
re Cartwright, 104 S.W.3d at 714. Kelly and Mark expressly consented to select
Warren Cole as both mediator and arbitrator; thus, Kelly’s complaint is not a defense
to the enforceability of the agreement’s arbitration provision. Id.; see also Mann v.
Mann, No. 04-07-00154-CV, 2008 WL 577266, at *2 (Tex. App.—San Antonio Mar.
5, 2008, pet. denied) (mem. op.) (“In this case, the parties expressly consented [to
appointing the same individual to the roles of mediator and arbitrator] by executing
the MSA [Mediated Settlement Agreement]. . . . Accordingly, Donald’s complaint is
overruled.”) . 
          3.       Scope of Arbitration 
          Here, the parties do not dispute the existence of a valid arbitration agreement. 
See Valero Energy Corp., 2 S.W.3d at 581. However, Kelly contends that the issues
she raises in her motion to enforce fall outside the scope of the agreement because
they antedate the divorce, thus rendering it unenforceable. Id. Mark disagrees.
Because the agreement does not confer power upon the arbitrator to determine
whether issues fall within its scope, the courts decide this issue. See Kaplan, 514
U.S. at 944 115 S.Ct. at 1924; In re Weekley Homes, L.P., 180 S.W.3d at 130;
Burlington Res. Oil & Gas Co., 249 S.W.3d at 40–42. We review whether an
agreement imposes a duty to arbitrate de novo. In re C & H News Co., 133 S.W.3d
at 645.
          Here, the agreement states that “Any disputes arising from the drafting of the
decree . . . the interpretation . . . and/or performance . . . shall be decided by binding
arbitration.” Kelly’s motion to enforce asserts that Mark has failed to partition
marital property in violation of the stipulations of the agreement. Specifically, Kelly
contends that Mark has failed to record an inventory of his assets and has failed to
surrender Kelly’s assets that are in his possession. She seeks performance and, to the
extent necessitated, interpretation under the agreement. The agreement plainly
contemplates post-divorce disputes, as it includes matters related to the
“performance” of the agreement. Accordingly, we hold that Kelly’s claims in her
motion to enforce fall within the scope of the agreement. See Valero Energy Corp.,
2 S.W.3d at 581.
 
Conclusion

We hold that the trial court erred in refusing to compel arbitration of this
dispute. Accordingly, we reverse the trial court’s order in cause number 01-09-00770-CV, and remand with an instruction to the trial court to grant the motion. We
dismiss the petition for writ of mandamus in cause number 01-09-00769-CV as moot.
 
 
                                                                        Jane Bland
                                                                        Justice
 
 
Panel consists of Chief Justice Radack and Justices Bland and Massengale.