**In re Olga PALACIOS, Relator.**

No. 05–0038.

Supreme Court of Texas.

June 30, 2006.

Rehearing Denied Aug. 18, 2006.

Guillermo Ochoa–Cronfel, for relator.

Brian Alan Turner, for real party in interest.

PER CURIAM.

Olga Palacios filed suit against several individuals and companies when her attempt to buy a duplex in Austin fell through. One of those defendants, Mortgages Direct, moved to compel arbitration based on an agreement providing that all disputes relating to its agreement with Palacios "shall be submitted for binding arbitration." The trial court granted the

motion, and the Third Court of Appeals denied mandamus relief. We too deny relief, but write to recognize a change in accordance with developments in federal law.

At the hearing on the motion to compel arbitration, Mortgages Direct offered the arbitration contract purportedly signed by Palacios. The latter's attorney objected to the document's authenticity, but withdrew the objection when the trial court offered to postpone the hearing until it could be proved up. Palacios then took the stand and testified through an interpreter that the signature on the agreement was not hers. Apparently unconvinced, the trial court granted the motion and abated the underlying case until arbitration was concluded.

The arbitration agreement does not indicate whether it is governed by the Federal or Texas Arbitration Act, and neither do the parties. But as Palacios pleaded that she gave her realtor a power of attorney to purchase the duplex while she was in Mexico, the transaction appears to involve foreign commerce, and thus implicates the FAA. *See* 9 U.S.C. §§ 1, 2 (declaring contracts "evidencing a transaction involving commerce" enforceable, and defining "commerce" as "commerce among the several States *or with foreign nations* ") (emphasis added).

We have held recently and repeatedly that an order denying arbitration under the FAA is reviewable by mandamus. *See, e.g., In re Weekley Homes, L.P.,* 180 S.W.3d 127, 130 (Tex.2005); *In re Nexion Health at Humble, Inc.,* 173 S.W.3d 67, 69–70 (Tex.2005). But we have not addressed recently or repeatedly whether an order *granting* arbitration under the FAA can be reviewed by mandamus. In 1994, we held that it could. *See Freis v. Canales,* 877 S.W.2d 283, 284 (Tex.1994) (per curiam). But since then, the United States Supreme Court has held that the FAA allows review of such orders only if the underlying case is dismissed; if it is merely stayed (as was the case here), there can be no review until final judgment. *See Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 87 n. 2, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).

Of course, Texas courts applying the FAA follow Texas rather than federal procedure. *See Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). Nevertheless, "it is important for federal and state law to be as consistent as possible in this area, because federal and state courts have concurrent jurisdiction to enforce the FAA." *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 739 (Tex.2005). There is little friction between the FAA and Texas procedures when state courts review by mandamus an order that the federal courts would review by interlocutory appeal. *See Anglin,* 842 S.W.2d at 272–73. But it is quite another matter for state courts to review by mandamus an order that the federal courts could not review at all. Such review would create tension with the legislative intent of the FAA, which "generally permits immediate appeal of orders hostile to arbitration," but "bars appeal of interlocutory orders favorable to arbitration." *Green Tree,* 531 U.S. at 86, 121 S.Ct. 513.

We need not decide today whether mandamus review of an order staying a case for arbitration is entirely precluded. Even after *Green Tree,* the Fifth Circuit has held that federal mandamus review of an order staying a case for arbitration may still be available if a party can meet a "particularly heavy" mandamus burden to show "clearly and indisputably that the district court did not have the discretion to stay the proceedings pending arbitration." *Apache Bohai Corp., LDC v. Texaco Chi-*

*na, B.V.,* 330 F.3d 307, 310–11 (5th Cir. 2003).

Palacios has not met such a burden here. While she denied signing the arbitration agreement, she admitted signing several papers she could not read because they were in English. She submitted no other exemplars of her signature for the court to review. Thus, her testimony presented a credibility issue, which she has not shown the trial judge indisputably got wrong.

We recognize there is some one-sidedness in reviewing only orders that deny arbitration, but not orders that compel it. Yet both the Federal and Texas acts leave little uncertainty that this is precisely what the respective legislatures intended. *See* 9 U.S.C. § 16; TEX. CIV. PRAC. & REM. CODE § 171.098.

Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we deny the petition for mandamus.