Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed
March 13, 2006








 

Petition
for Writ of Mandamus Dismissed and Memorandum Opinion filed March 13, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01063-CV

____________

 

IN RE WILLIAM B. EMMONS and MARY CRIS
EMMONS, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N

On
November 30, 2006, relators, William B. Emmons and Mary Cris Emmons, filed a
petition for writ of mandamus in this court.  See Tex. Gov=t Code Ann '22.221 (Vernon 2004); see also Tex. R. App. P. 52.1.  In their
petition, relators sought to have this court direct the Honorable Patricia
Hancock to set aside the trial court=s October 16, 2006, order compelling
arbitration and staying the underlying case styled Wm. B. Emmons and Mary
Cris Emmons v. Marriott Resorts Hospitality Corporation d/b/a Marriott Vacation
Club International, Marriott International, Inc., pending under cause
number 2006-45584, in the 113th District Court of Harris County.  On December
8, 2006, this court granted relators= motion to stay arbitration pending
resolution of this proceeding.  








The
underlying dispute arises from a timeshare agreement.  Relators filed suit
against the real parties-in-interest Marriott Resorts Hospitality Corporation
d/b/a Marriott Vacation Club International and Marriott International, Inc. for
breach of contract, defamation, tortious interference with beneficial business
relations, fraud, deceptive trade practices, and unfair debt collection
practices.  The trial court granted the real parties= motion to compel arbitration pursuant
to the procedure specified in the underlying timeshare contract.  

The
parties agree that the Federal Arbitration Act applies.  AWhen a case involves the Federal
Arbitration Act, orders denying motions to compel arbitration are reviewable
via mandamus, while orders compelling arbitration are not.@  In re Jim Walter Homes, Inc.,
207 S.W.3d 888, 894 (Tex.
App.CHouston [14th Dist.] 2006,
orig. proceeding) (citing In re Palacios, No. 04-0038, 2006 WL 1791683,
at *1-2 (Tex. June 30, 2006)).  Orders compelling arbitration under the FAA
ordinarily are not reviewable, by mandamus or otherwise, until a final judgment
is entered.  Id.  A limited exception to this rule may apply where Aa party can meet a particularly heavy
mandamus burden to show clearly and indisputably that the district court did
not have the discretion to stay the proceedings pending arbitration.@  Id. at n. 4 (quoting Palacios,
2006 WL 1791683 at *1-2).  Relators have not met this heavy burden. 
Therefore, we lack jurisdiction to review the underlying order compelling
arbitration.

Accordingly,
the petition for writ of mandamus is ordered dismissed.  This Court=s December 8, 2006, stay order is
vacated.

 

PER
CURIAM

 

Petition Dismissed and Memorandum
Opinion filed March 13, 2007.

Panel consists of Chief Justice
Hedges and Justices Yates and Seymore.