MEMORANDUM OPINION




No. 04-07-00216-CV



IN RE CUTLER-GALLAWAY SERVICES, INC.



Original Mandamus Proceeding (1)



PER CURIAM


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: May 23, 2007

 

PETITION FOR WRIT OF MANDAMUS DENIED

 Relator Cutler-Gallaway Services, Inc, has filed a petition for a writ of mandamus
challenging the trial court's order compelling it to arbitration. In response, HCBeck, Ltd. and
Custom Masonry Corp., the real parties in interest, argue that this court should deny the petition
because orders compelling arbitration are generally not reviewable until final judgment under the
Federal Arbitration Act ("FAA"). We will deny the petition.


Procedural and Factual Background

 Cutler-Gallaway provided engineering services to Custom Masonry and San Jacinto, Inc.,
by creating the anchor design and specifications for the exterior stonework on two buildings
constructed for USAA. The general contractor on the project was HCBeck. The contracts between
USAA and HCBeck, Custom Masonry and HCBeck, and San Jacinto and HCBeck, all included
agreements to arbitrate claims arising from the project. It is undisputed that Cutler-Gallaway did not
have a written contract with either Custom Masonry or San Jacinto and did not agree to arbitrate
claims related to the project.

 After USAA initiated arbitration proceedings to recover for alleged defects in the stonework,
HCBeck filed suit against Custom Masonry, San Jacinto, Cutler-Gallaway, and others for negligence
and contribution. Some of the defendants sued by HCBeck voluntarily agreed to participate in the
arbitration proceedings commenced by USAA; however, Cutler-Gallaway did not. HCBeck, joined
by Custom Masonry, moved to compel Cutler-Gallaway to arbitration based on theories of agency
and direct benefits estoppel. Cutler-Gallaway opposed the motion to compel arbitration on three
grounds: (1) there was no arbitration agreement between it and any of the parties; (2) the written
contract between HCBeck and Custom Masonry required the resolution of this dispute by litigation;
and (3) none of the theories by which non-parties may be bound to arbitrate applied to it. The trial
court held an evidentiary hearing and granted the motion to compel arbitration.

Application of the FAA

 The trial court's order compelling arbitration does not recite that it compelled arbitration
pursuant to the FAA. "The FAA 'extends to any contract affecting commerce, as far as the
Commerce Clause of the United States Constitution will reach.'" In re Nexion Health at Humble,
Inc., 173 S.W.3d 67, 69 (Tex. 2005) (citations omitted). Although the written contracts pertaining
to the USAA construction project do not expressly invoke the FAA, they do evidence a transaction
affecting interstate commerce because they involve the transport of stone materials from Arizona to
Texas. See Allied-Bruce Terminex Companies, Inc. v. Dobson, 513 U.S. 265, 282 (1995) (construing
the language of the FAA broadly to encompass contracts evidencing a transaction involving
commerce, even if the parties did not contemplate an interstate commerce connection; transaction
affected interstate commerce when the materials used to carry out the terms of the contract came
from out of state); In re Nexion Health, 173 S.W.3d at 69 (citations omitted) (evidence of Medicare
payments made to the relator was sufficient to establish interstate commerce and invoke the FAA);
In re Nasr, 50 S.W.3d 23, 25-26 (Tex. App.--Beaumont 2001, no pet.) (combined appeal and orig.
proceeding) (concluding interstate commerce was affected when Walmart was one of the
subcontractors participating in the design and construction of a single family dwelling in Texas). 
We hold that the FAA applies to this case.

Mandamus Standard of Review

 Generally, an order staying litigation and compelling arbitration under the FAA is not subject
to review by mandamus. In re Palacios, 2006 WL 1791683, at *1 (Tex. 2006) (orig. proceeding). 
In In re Palacios, the Texas Supreme Court reasoned: 

There is little friction between the FAA and Texas procedures when state courts
review by mandamus an order that the federal courts would review by interlocutory
appeal. But it is quite another matter for state courts to review by mandamus an order
that the federal courts could not review at all. Such review would create tension with
the legislative intent of the FAA, which "generally permits immediate appeal of
orders hostile to arbitration," but "bars appeal of interlocutory orders favorable to
arbitration."


Id. (citations omitted). However, the Texas Supreme Court did not decide if mandamus review of
an order staying a case for arbitration is entirely precluded. Id at *2. Instead, the In re Palacios
opinion instructs that parties seeking mandamus review of an order compelling arbitration under the
FAA must meet a "'particularly heavy' mandamus burden to show 'clearly and indisputably that the
district court did not have the discretion'" to compel arbitration. Id. 

Discussion

 Cutler-Gallaway first contends that the HCBeck/Custom Masonry contract does not call for
arbitration because its express language requires litigation of such disputes. We disagree. It is clear
that the underlying dispute is asserted by the owner, USAA, and therefore, the dispute is within the
scope of arbitration under the plain language of the contract. (2)
 

 Cutler-Gallaway next asserts that neither agency nor direct benefits estoppel is applicable to
it. Again, we disagree. Nonsignatories to an arbitration agreement may be bound by the agreement
under ordinary contract and agency principles. See McMillan v. Computer Translation Sys. &
Support, Inc., 66 S.W.3d 477, 481 (Tex. App.--Dallas 2001, orig. proceeding). One of the primary
allegations made by USAA is that Cutler-Gallaway's stonework anchor design was flawed. Under
such circumstances, the trial court could have concluded that the dispute relates directly to Cutler-Gallaway's actions on behalf of Custom Masonry and San Jacinto. "When the principal is bound
under the terms of a valid arbitration clause, its agents, employees, and representatives are covered
by that agreement." Id.; Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110, 1121-22 (3rd Cir. 1993) ("Agency logic has been applied to bind non-signatory business entities to
arbitration agreements."); Letizia v. Prudential Bach Sec., 802 F.2d 1185, 1187-88 (9th Cir. 1986)
(when broker and employees were integral to alleged statutory violations of principal corporation,
claims against non-signatory employees were subject to arbitration); see also In re Merrill Lynch
Trust Co. FSB, 123 S.W.3d 549, 556 (Tex. App--San Antonio 2003, orig. proceeding) (the trial
court did not abuse its discretion in refusing to apply agency theory when no evidence was offered
that non-parties to arbitration agreement were working on behalf of the party to the arbitration
agreement). (3)

 Additionally,"federal courts have [] applied 'direct benefits estoppel' to bind 'non-signatories
who, during the life of the contract, have embraced the contract despite their non-signatory status
but then, during litigation, attempt to repudiate the arbitration clause'" in the contract.'" In re
Kellogg Brown & Root, Inc., 166 S.W.3d 732, 741 n. 9 (Tex. 2005) (orig. proceeding) (quoting E.I.
DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 200
(3rd Cir. 2001); see In re David Weekley Homes, L.P., 180 S.W.3d 127, 133 (Tex. 2005) (orig.
proceeding) (applying direct benefits estoppel to a non-party who had received substantial benefits
from the contract). In this case, HCBeck and Custom Masonry presented evidence that Cutler-Gallaway was paid with funds from the USAA/HCBeck contract, and that Cutler-Gallaway
submitted a claim for insurance benefits provided under the contract. 

 After reviewing the record and the arguments presented under the required heightened
standard, we conclude that Cutler-Gallaway has failed to meet its heavy mandamus burden to show
a clear and indisputable abuse of discretion by the trial court. See In re Palacios, 2006 WL 1791683,
at *2. Accordingly, the petition for a writ of mandamus is denied.

 PER CURIAM 






1. This proceeding arises out of Cause No. 2006-CI-08942, styled HCBeck, Ltd. v. Project Control of Texas, Inc.,
et al., pending in the 224th Judicial District Court, the Honorable Gloria Saldana presiding. However, the challenged
order was signed by the Honorable David A. Berchelmann, Jr., presiding judge of the 37th Judicial District Court, Bexar
County, Texas.
2. The HCBeck/Custom Masonry contract provides in part: 


 15.1.1 Disputes solely between the Contractor and Subcontractor shall be resolved by litigation.


 15.1.2 Disputes between the Contractor, Subcontractor, and other subcontractors, sub-subcontractors, and suppliers shall be resolved by litigation. 

 

 15.1.3 Disputes between Subcontractor, Contractor and Owner, Owner's agents, or Architect arising
out of or related to this Subcontract shall be resolved by the dispute resolution method set
forth in the Contract Documents. Absent a provision for dispute resolution in the Contract
Documents, such disputes shall be resolved by litigation. Disputes arising out of or related
to Subcontractor's Work or this Subcontract asserted by the Owner are subject to this
paragraph. 


 The "Contract Documents" provide in part:


4.5.1 Controversies and Claims Subject to Arbitration. Any controversy or Claim arising out of
or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the
Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon
the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction
thereof, except controversies or Claims relating to aesthetic effect and except those waived as provided
for in Subparagraph 4.3.5. 

3. Cutler-Gallaway asserts it was an independent contractor, and therefore, could not have been an agent for
Custom Masonry. However, the two are not mutually exclusive. Under Texas law, an agency relationship does not
depend on an express appointment, but may be implied from the conduct of the parties under the circumstances. See
Grace Community Church v. Gonzales, 853 S.W.2d 678, 680 (Tex. App.--Houston [14th Dist.] 1993, no writ); Carruth
v. Valley Ready-Mix Concrete Co., 221 S.W.2d 584, 592 (Tex. Civ. App.--Eastland 1949, writ ref'd).