**In re Lester B. WOLFF, Impartial Services Group, L.L.C. f/k/a Neutral Services Group, L.L.C., Construction Arbitration Services, Inc., Fairway Solutions, L.L.C., and National Center For Dispute Settlement, L.L.C, Relators.**

No. 05–07–00656–CV.

Court of Appeals of Texas, Dallas.

July 24, 2007.

Rehearing Overruled Aug. 29, 2007.

Oscar Rey Rodriguez, Richard Samson Krumholz, Aimee D. Johnson, Fulbright & Jaworski, Dallas, for Relator.

Jay J. Madrid, Winstead Sechrest & Minick, P.C., Dallas, for Real Party In Interest.

Before Justices WRIGHT, O'NEILL, and LANG.

## OPINION

Opinion By Justice WRIGHT.

Lester B. Wolff, Impartial Services Group, L.L.C. f/k/a Neutral Services Group. L.L.C., Construction Arbitration Services, Inc., Fairway Solutions, L.L.C.,

and National Center for Dispute Settlement, L.L.C. seek mandamus relief from a series of orders staying the trial court proceedings and compelling arbitration. Because we conclude the trial court clearly abused its discretion by refusing to conduct a de novo review of the order compelling arbitration, we conditionally grant this writ.

## Jurisdiction

We begin by addressing the motion to dismiss relators' petition for writ of mandamus.[1] According to Lippman, this Court lacks mandamus jurisdiction because (1) the Texas Arbitration Act (TAA) applies in this case and allows for review only through an interlocutory appeal, and (2) if the Federal Arbitration Act (FAA) applies, orders compelling arbitration and staying proceedings are not reviewable. We disagree with both contentions.

The law is well-settled that when reviewing an order *denying* a motion to compel arbitration under the FAA, the appellate remedy is through mandamus. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). In contrast, review of the denial of a motion to compel arbitration under the TAA is by way of interlocutory appeal. *Id.* However, when reviewing an order *granting* a motion to compel arbitration, mandamus is appropriate whether the FAA or the TAA applies. *In re Kepka,* 178 S.W.3d 279, 286 (Tex.App.-Houston [1st Dist.] 2005). *See also Glazer's Wholesale Distributors, Inc. v. Heineken USA, Inc.,* 95 S.W.3d 286, 292 (Tex.App.-Dallas 2001), *review granted, judg't vacated and remanded by agreement,* (Tex. July 3,

---

1. On June 5, 2007 this Court issued an order requesting the real parties in interest Marshall E. Lippman, Marshall E. Lippman, L.L.C., and Marshall E. Lippman, P.C. (collectively Lippman) to respond to relators' petition. In response to the order, Lippman filed a motion to dismiss. Lippman did not respond to the merits of the petition.

2003). Thus, we conclude we have jurisdiction over this proceeding.

In reaching this conclusion, we are mindful of *In re Palacios,* 221 S.W.3d 564 (Tex.2006). In that case, Palacios sought review of an order granting a motion to compel arbitration under the FAA. *Id.* at 564–65. The Texas Supreme Court noted that the United States Supreme Court has "held that the FAA allows review of such orders only if the underlying case is dismissed; if it is merely stayed ..., there can be no review until final judgment." *Id.* at 565 (citing *Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 87 n. 2, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000)). The Texas Supreme Court "recognize[d] there is some one-sidedness in reviewing only orders that deny arbitration, but not orders that compel it. Yet both the Federal and Texas acts leave little uncertainty that this is precisely what the respective legislatures intended." *Id.* at 566. However, the Texas Supreme Court stopped short of holding that mandamus review of an order staying a case for arbitration is entirely precluded. *Id.* at 565–56. Instead, it noted that even after *Green Tree,* mandamus relief may still be available if the party seeking such relief from an order staying a case for arbitration meets the "particularly heavy" burden to show "clearly and indisputably that the district court did not have the discretion to stay the proceedings pending arbitration." *Id.* (quoting *Apache Bohai Corp. v. Texaco China, B.V.,* 330 F.3d 307, 310–11 (5th Cir.2003)). Therefore, we consider the merits of the petition. *See In re Premont Indep. Sch. Dist.,* 225 S.W.3d 329 (Tex.App.-San Antonio, 2007) (mandamus filed Mar. 26, 2007); *In re Great W. Drilling, Ltd.,* 211 S.W.3d 828, 843 (Tex.App.-Eastland 2006) (mandamus filed Jan. 24, 2007). *But see In re Jim Walter Homes, Inc.,* 207 S.W.3d 888, 894 (Tex.App.-Houston [14th Dist.] 2006) (concluding *Palacios* required dismissal of petition for mandamus for lack of jurisdiction).

## Background

We now turn to the merits of this proceeding. The facts of the underlying case are clear. However, the procedural history of the order compelling arbitration is lengthy and convoluted. On March 20, 2006, relators sued Marshall E. Lippman and Marshall E. Lippman, L.L.C. (collectively Lippman) for breach of fiduciary duty, fraud, and negligent misrepresentation. On May 3, 2006, Lippman filed a motion to compel arbitration, relying on identical arbitration provisions contained in the limited liability company regulations for Impartial Services Group, L.L.C. and National Center for Dispute Settlement, L.L.C. The arbitration provisions provide, in part, as follows:

10.8. *Arbitration.*

(a) *Submission Requirement.* Before the institution of litigation between any Persons relating to any aspect of the Company or these Regulations, a party seeking redress hereunder or the interpretation of any provision hereof may submit the claim or issue for interpretation to binding arbitration. The party submitting the claim or issue shall notify in writing the party or other Persons against whom redress is sought or who would be affected by the interpretation, to offer those parties an opportunity to participate in the proceeding. The notice shall describe the nature of the claim or issue submitted, the provision or provisions of the Agreement which is or are the basis of the claim or issue for interpretation. On delivery of the notice, the claim or issue shall be deemed to have been submitted to arbitration.

On July 3, 2006, while the motion to compel was pending, Lippman filed a

statement of claims with the arbitration panel, alleging several claims against relators. On July 14, 2006, relators filed an emergency motion to stay Lippman's arbitration claims. On August 2, 2006, Associate Judge Theresa Snelson conducted a hearing on the motion to compel, but did not rule on the motion. Two months later, Judge David Kelton conducted a hearing on the motion to stay Lippman's arbitration claims. At the beginning of the hearing, Judge Kelton noted Associate Judge Snelson had not yet ruled on the motion to compel and stated that "if she grants the arbitration, you have a right to appeal it to me. I suppose that means that I get to hear you guys again, but I'd like to know what your position is sort of globally on the whole thing." The parties then discussed their positions regarding the application and scope of the arbitration provisions. After that discussion, Judge Kelton told the parties he would speak with Associate Judge Snelson and review the record before he made his ruling. Ten days later, on October 16th, Associate Judge Snelson partially granted Lippman's motion and ordered all claims made by the National Center for Dispute Settlement, L.L.C., the Neutral Services Group, L.L.C. and Lester B. Wolff to arbitration. Relators filed a notice of appeal two days later, requesting a de novo review of the order compelling arbitration. On October 25th, Judge Kelton issued an order abating the entire case pending arbitration, and administratively closing the case until that time.

On November 14th, relators filed a motion asking (1) to reopen the case, (2) to have a hearing on their notice of appeal, (3) for clarification about whether only three of relators were to go to arbitration or all six relators were to go, and (4) for findings of fact and conclusions of law. Hearings on the notice of appeal and motion for clarification were set for December 8, 2006, but were later canceled because Judge Kelton was not available. On December 14, 2006 Associate Judge Snelson issued an order granting relators' motion "to the extent that this case is reopened for the purpose of resolving the issues that are the subject of the [November 14th] motion. **No ruling is made regarding the relief requested by [Relators] except as concerns the Motion to Reopen the Case.**" Following that order, relators filed a supplemental notice of appeal "in an abundance of caution and to assert [relators'] full appellate rights as to the Decision of December 13, 2006 and to preserve all other relief requested in [relators'] October 18, 2006 notice of appeal."

On February 6, 2006, newly-elected Judge Carlos R. Cortez conducted a hearing and told the parties he would speak with Associate Judge Snelson and would have a ruling the next day. On February 7th, he issued an order denying relators' motion in its entirety and ordered the case abated and administratively closed pending arbitration. Relators filed a second motion, again asking (1) to reopen the case, (2) to have a hearing on their notice of appeal, (3) for clarification about whether only three of relators were to go to arbitration or all six relators were to go, and (4) for findings of fact and conclusions of law. Judge Cortez conducted a hearing on that motion. Following that hearing, Judge Cortez issued an order on April 16, 2007, stating Associate Judge Snelson's and Judge Kelton's orders applied to "the claims of all parties and that such claims are appropriate for consideration by an arbitration panel." Relators then filed this petition for mandamus.

On June 28th, while the mandamus was pending, Judge Cortez conducted a third hearing. At that hearing, he stated that his hearings on February 6th and April 16th "were both hearings on motions to reopen the case, which I denied both

times. I have not made a ruling on whether or not you should go to arbitration because I felt Judge Snelson had done it on October the 16th and Judge Kelton had affirmed her decision by abating and administratively closing the case on October 25th." Judge Cortez then issued an order partially vacating his February 8th and April 16th orders "as to any attempted 'clarification' of Judge Kelton's October 25, 2006 Order."

Thus, in this case, we are being asked to review (1) Associate Judge Snelson's October 16, 2006 order compelling arbitration of all claims made by the National Center for Dispute Settlement, L.L.C., the Neutral Services Group, L.L.C. and Lester B. Wolff to arbitration, (2) Judge Kelton's October 25, 2006 order staying the entire case pending the outcome of arbitration, (3) Associate Judge Snelson's December 14th order reopening the case so that Judge Cortez could resolve the relators' motion for a hearing on the appeal, motion for reconsideration, and request for findings of fact and conclusions of law.

### Discussion

In their petition for writ of mandamus, relators specifically contend the trial court abused its discretion by ordering arbitration because: (1) there is no agreement to arbitrate as to four of the six relators; (2) a condition precedent to the arbitration agreement has not been met; and (3) the claims in this case are not within the scope of the arbitration agreement. Relators also contend the trial court abused its discretion by: (1) ordering three of the relators to arbitration because the associate judge previously denied the motion to compel as to these three relators, and (2) the trial court refused to hold a hearing on the appeal of the associate judge's order. Because we conclude a de novo review of the

order compelling arbitration has not been conducted, we conditionally issue this writ.

■ After the motion to compel arbitration was filed, Associate Judge Snelson conducted a hearing. Before she entered her order, Judge Kelton conducted a hearing on the separate issue of the emergency stay of Lippman's arbitration claims. At the hearing, Judge Kelton acknowledged that because an order had not yet been entered on the motion to compel, if Associate Judge Snelson granted the motion to compel, the matter might be before him again on appeal. Although he later stated he would be reviewing the record and speaking with Associate Judge Snelson before he ruled on the motion to stay arbitration, he did not in anyway indicate that he would be reviewing the record to conduct a de novo review of an order that *had yet to be entered*. Rather, Judge Kelton indicated that both he and Associate Judge Snelson would work together to resolve the motions pending before the court. Judge Kelton's order staying the case pending arbitration does not indicate it was a ruling on the order compelling arbitration, nor does it indicate he had reviewed the evidence supporting the order compelling arbitration. Thus, we cannot agree with Judge Cortez's conclusion that Judge Kelton's order staying the case for arbitration was in effect a ruling on relators' request for a de novo review. We find support for this conclusion in Associate Judge Snelson's December 14th order and letter, which expressly states the purpose of the order reopening the case was so the parties could obtain a ruling on the relief requested by relators in their November 14th motion, i.e., a hearing for the purpose of a de novo review, a request for clarification, and findings of fact and conclusions of law.

Judge Cortez, after concluding Judge Kelton denied relators' appeal, refused to

conduct a de novo review and vacated his order to the extent it clarified the issue of who is to go to arbitration. When, as here, a party timely appeals an associate judge's decision, the matter shall be tried de novo. TEX. GOV'T CODE ANN. § 54.510 (Vernon 2005). The record indicates that no such de novo review has occurred. Because Judge Cortez has refused to conduct a de novo review pursuant to the pending notice of appeal, we conditionally grant relators' petition for writ of mandamus.

We order Judge Cortez to conduct a de novo review of Associate Judge Snelson's October 16, 2006 order compelling arbitration and provide this Court with written verification that he has complied with this order within thirty days of this order. A writ will issue only in the event Judge Cortez fails to comply with this order.