

# NUMBER 13-09-00488-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE OSCAR FLORES

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Per Curiam Memorandum Opinion[1]

Relator, Oscar Flores, filed a petition for writ of mandamus in the above cause on July 20, 2009, contending generally that the trial court abused its discretion in compelling arbitration under the Federal Arbitration Act.

To be entitled to mandamus, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  The Texas Supreme Court recently clarified the entitlement to mandamus relief in the context of orders compelling arbitration.

Under previous law, mandamus was available to review orders either compelling or denying arbitration under the Federal Arbitration Act.  *See Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994).  However, in 2006, in order to ensure consistency between federal and state procedures, the Texas Supreme Court held that mandamus was generally not available to review orders compelling arbitration.  *See In re Palacios*, 221 S.W.3d 564, 565 (Tex. 2006) (orig. proceeding).  In *Palacios*, the Texas Supreme Court noted that mandamus relief might be available, but only if the party seeking relief from an order staying a case for arbitration meets the "particularly heavy" burden to show "clearly and indisputably that the district court did not have the discretion to stay the proceedings pending arbitration."  *Id.* (quoting *Apache Bohai Corp. v. Texaco China, B.V.*, 330 F.3d 307, 310-11 (5th Cir. 2003)).

The Texas Supreme Court recently reaffirmed this proposition and clarified that "this 'exception' applies not to the question whether an order compelling arbitration was correct, but to the question whether the case should have been dismissed rather than stayed."  *In re Gulf Exploration, LLC*, No. 07-0055, 2009 Tex. LEXIS 126, *11; 52 Tex. Sup. Ct. J. 612 (Tex. April 17, 2009) (orig. proceeding).  Moreover, even if a petitioner's cause falls within the foregoing parameters for mandamus review, mandamus is nonetheless "generally" unavailable because petitioners can "rarely" show that they lack an adequate remedy by

2

appeal.  *See id.* at *12.  Generally, the adequacy of an appellate remedy "depends on a careful [balancing] of the case-specific benefits and detriments of delaying or interrupting a particular proceeding;" however, because both the federal and state arbitration acts specifically exclude immediate review of orders compelling arbitration, "any balancing must tilt strongly against mandamus review."  *Id.* at *13.

Applying the foregoing principles to the proceeding at hand, and having examined and fully considered the petition for writ of mandamus, the Court is of the opinion that relator has not shown himself entitled to the relief sought.  Accordingly, the petition for writ of mandamus is DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Memorandum Opinion delivered and
filed this 27th day of August, 2009.