COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| IN RE: JOSE LUIS VILLANUEVA, | § | No. 08-08-00329-CV |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |
| | § | |

## OPINION DENYING MOTION FOR REHEARING

On July 8, 2009, this court conditionally granted mandamus relief in favor of Jose Luis Villanueva because we concluded the trial court had abused its discretion by granting a motion to compel arbitration. The real party in interest, Swift Transportation Company, Inc., has filed a motion for rehearing asserting that Villanueva has an adequate remedy by appeal. We write to explain the basis for our conclusion that appeal is an inadequate remedy and to discuss *In re Gulf Exploration Co., LLC*, 289 S.W.3d 836 (Tex. 2009).

To be entitled to mandamus relief, a relator must demonstrate he has no adequate remedy by appeal. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 136 (Tex. 2004). Swift contends that the Supreme Court's recent opinion in *In re Gulf Exploration Co., LLC*, 289 S.W.3d 836 (Tex. 2009) forecloses mandamus review of an order compelling arbitration except where legislative mandates conflict. In *Gulf Exploration*, the Supreme Court explained that in 1994 it had authorized general mandamus review of orders either compelling or denying arbitration under the FAA. *Id.* at 841-42, *citing Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994). But with the *Palacios* decision, the court limited mandamus review to orders denying arbitration while leaving

open the question whether mandamus review of orders compelling arbitration should be entirely precluded. *Id.* at 842, *citing In re Palacios*, 221 S.W.3d 564, 565 (Tex. 2006). It addressed this question in *Gulf Exploration*.

The trial court's error in compelling arbitration when the parties have not agreed to it can be reviewed on final appeal. *Id.* at 842. Both the federal and Texas arbitration statutes provide for vacating an arbitration award on final appeal if the arbitrators exceeded their powers. *Id.* But the court stopped short of holding that mandamus review is never available for an order compelling arbitration. *See id.* at 843 (noting Supreme Court had reviewed order compelling arbitration in *In re Poly-America*, 262 S.W.3d 337 (Tex. 2008) and granted mandamus relief regarding a waiver of statutory remedies). The critical inquiry is whether appeal is an adequate remedy. *See id.* at 842. Answering this question depends on a careful balancing of the case-specific benefits and detriments of delaying or interrupting a particular proceeding. *Id.* at 842, *citing In re Prudential*, 148 S.W.3d at 136. The Supreme Court's explanation in *Prudential* of the factors to be considered bears repeating here:

> The operative word, 'adequate', has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. These considerations implicate both public and private interests. Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.

*Prudential*, 148 S.W.3d at 136.

Given that both the federal and state arbitration acts exclude immediate review of orders compelling arbitration, the balance is tilted strongly against mandamus review. *Gulf Exploration* 289 S.W.3d at 842. Nevertheless, we have held that appeal is an inadequate remedy for Villanueva. It is true that delay and expense generally do not, standing alone, render a final appeal inadequate because arbitration clauses are usually contractual and cover contractual claims. *Gulf Exploration*, 289 S.W.3d at 842-43. In those cases, a prevailing party can recover its fees and expenses even if they were incurred in collateral proceedings like arbitration. *Id.* at 843. But the instant case concerns an on-the-job injury claim, not a contractual claim. Thus, Villanueva will not be able to recover his fees and expenses incurred during the arbitration proceeding. This fact is not dispositive but it is entitled to some weight in our case-specific balancing.

The more compelling argument is that we were presented with two mandamus petitions concerning the same employer, the same injury benefit plan, the same arbitration clause, and two plaintiff-employees in similar circumstances. Yet the two district judges hearing Swift's motion to compel arbitration filed in each case reached opposite conclusions, with one judge compelling arbitration and the other denying it. These conflicting rulings are not incidental; they are significant rulings in exceptional cases. It is patently unjust and arbitrary to fully address the merits of the significant issues presented in *Swift Transportation* but summarily deny mandamus review of the same issues in *Villanueva* because the trial court chose to grant Swift's motion to compel arbitration.

Finally, we note that Swift did not raise its argument regarding the unavailability of mandamus review until its motion for rehearing. We do not suggest that *Swift* waived the issue, but the failure to raise it sooner cuts against any argument that permitting mandamus review unnecessarily interrupts the underlying proceedings, increases the expense and delay of civil

litigation, and distracts the attention of the appellate court from other important matters. *See Prudential*, 148 S.W.3d at 136. We are not persuaded by Swift's argument that it could not have raised the issue earlier because *Gulf Transportation* was not decided until after this case was argued. As Villanueva suggests, the parties in *Gulf Exploration* raised the argument under *Palacios* both in the court of appeals and the Supreme Court. *See In re Great Western Drilling, Ltd.*, 211 S.W.3d 828, 834-35 (Tex.App.--Eastland 2006, orig. proceeding), *mand. granted, In re Gulf Exploration Co., LLC*, 289 S.W.3d 836 (Tex. 2009).

Under the unique circumstances presented, we conclude that direct appeal following arbitration is an inadequate remedy for Villanueva. We overrule Swift's motion for rehearing.


October 28, 2009

ANN CRAWFORD McCLURE, Justice

Before McClure, Rivera, JJ., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment, not participating