COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS







IN RE: JOSE LUIS VILLANUEVA,


 Relator.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-08-00329-CV



AN ORIGINAL PROCEEDING

 IN MANDAMUS





OPINION DENYING MOTION FOR REHEARING



 On July 8, 2009, this court conditionally granted mandamus relief in favor of Jose Luis
Villanueva because we concluded the trial court had abused its discretion by granting a motion to
compel arbitration. The real party in interest, Swift Transportation Company, Inc., has filed a motion
for rehearing asserting that Villanueva has an adequate remedy by appeal. We write to explain the
basis for our conclusion that appeal is an inadequate remedy and to discuss In re Gulf Exploration
Co., LLC, 289 S.W.3d 836 (Tex. 2009).

 To be entitled to mandamus relief, a relator must demonstrate he has no adequate remedy by
appeal. In re Prudential Insurance Company of America, 148 S.W.3d 124, 136 (Tex. 2004). Swift
contends that the Supreme Court's recent opinion in In re Gulf Exploration Co., LLC, 289 S.W.3d
836 (Tex. 2009) forecloses mandamus review of an order compelling arbitration except where
legislative mandates conflict. In Gulf Exploration, the Supreme Court explained that in 1994 it had
authorized general mandamus review of orders either compelling or denying arbitration under the
FAA. Id. at 841-42, citing Freis v. Canales, 877 S.W.2d 283, 284 (Tex. 1994). But with the
Palacios decision, the court limited mandamus review to orders denying arbitration while leaving
open the question whether mandamus review of orders compelling arbitration should be entirely
precluded. Id. at 842, citing In re Palacios, 221 S.W.3d 564, 565 (Tex. 2006). It addressed this
question in Gulf Exploration. 

 The trial court's error in compelling arbitration when the parties have not agreed to it can be
reviewed on final appeal. Id. at 842. Both the federal and Texas arbitration statutes provide for
vacating an arbitration award on final appeal if the arbitrators exceeded their powers. Id. But the
court stopped short of holding that mandamus review is never available for an order compelling
arbitration. See id. at 843 (noting Supreme Court had reviewed order compelling arbitration in In
re Poly-America, 262 S.W.3d 337 (Tex. 2008) and granted mandamus relief regarding a waiver of
statutory remedies). The critical inquiry is whether appeal is an adequate remedy. See id. at 842. 
Answering this question depends on a careful balancing of the case-specific benefits and detriments
of delaying or interrupting a particular proceeding. Id. at 842, citing In re Prudential, 148 S.W.3d
at 136. The Supreme Court's explanation in Prudential of the factors to be considered bears
repeating here:

 The operative word, 'adequate', has no comprehensive definition; it is simply a proxy
for the careful balance of jurisprudential considerations that determine when
appellate courts will use original mandamus proceedings to review the actions of
lower courts. These considerations implicate both public and private interests.
Mandamus review of incidental, interlocutory rulings by the trial courts unduly
interferes with trial court proceedings, distracts appellate court attention to issues that
are unimportant both to the ultimate disposition of the case at hand and to the
uniform development of the law, and adds unproductively to the expense and delay
of civil litigation. Mandamus review of significant rulings in exceptional cases may
be essential to preserve important substantive and procedural rights from impairment
or loss, allow the appellate courts to give needed and helpful direction to the law that
would otherwise prove elusive in appeals from final judgments, and spare private
parties and the public the time and money utterly wasted enduring eventual reversal
of improperly conducted proceedings. An appellate remedy is 'adequate' when any
benefits to mandamus review are outweighed by the detriments. When the benefits
outweigh the detriments, appellate courts must consider whether the appellate remedy
is adequate.


Prudential, 148 S.W.3d at 136. 

 Given that both the federal and state arbitration acts exclude immediate review of orders
compelling arbitration, the balance is tilted strongly against mandamus review. Gulf Exploration
289 S.W.3d at 842. Nevertheless, we have held that appeal is an inadequate remedy for Villanueva. 
It is true that delay and expense generally do not, standing alone, render a final appeal inadequate
because arbitration clauses are usually contractual and cover contractual claims. Gulf Exploration,
289 S.W.3d at 842-43. In those cases, a prevailing party can recover its fees and expenses even if
they were incurred in collateral proceedings like arbitration. Id. at 843. But the instant case
concerns an on-the-job injury claim, not a contractual claim. Thus, Villanueva will not be able to
recover his fees and expenses incurred during the arbitration proceeding. This fact is not dispositive
but it is entitled to some weight in our case-specific balancing.

 The more compelling argument is that we were presented with two mandamus petitions
concerning the same employer, the same injury benefit plan, the same arbitration clause, and two
plaintiff-employees in similar circumstances. Yet the two district judges hearing Swift's motion to
compel arbitration filed in each case reached opposite conclusions, with one judge compelling
arbitration and the other denying it. These conflicting rulings are not incidental; they are significant
rulings in exceptional cases. It is patently unjust and arbitrary to fully address the merits of the
significant issues presented in Swift Transportation but summarily deny mandamus review of the
same issues in Villanueva because the trial court chose to grant Swift's motion to compel arbitration. 
 Finally, we note that Swift did not raise its argument regarding the unavailability of
mandamus review until its motion for rehearing. We do not suggest that Swift waived the issue, but
the failure to raise it sooner cuts against any argument that permitting mandamus review
unnecessarily interrupts the underlying proceedings, increases the expense and delay of civil
litigation, and distracts the attention of the appellate court from other important matters. See
Prudential, 148 S.W.3d at 136. We are not persuaded by Swift's argument that it could not have
raised the issue earlier because Gulf Transportation was not decided until after this case was argued. 
As Villanueva suggests, the parties in Gulf Exploration raised the argument under Palacios both in
the court of appeals and the Supreme Court. See In re Great Western Drilling, Ltd., 211 S.W.3d
828, 834-35 (Tex.App.--Eastland 2006, orig. proceeding), mand. granted, In re Gulf Exploration
Co., LLC, 289 S.W.3d 836 (Tex. 2009).

 Under the unique circumstances presented, we conclude that direct appeal following
arbitration is an inadequate remedy for Villanueva. We overrule Swift's motion for rehearing.


October 28, 2009 

 ANN CRAWFORD McCLURE, Justice


Before McClure, Rivera, JJ., and Barajas, C.J. (Ret.)

Barajas, C.J. (Ret.), sitting by assignment, not participating