

# NUMBER 13-11-00246-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ISMAEL DIAZ AND RAMONA DIAZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion Per Curiam [1]

Relators, Ismael Diaz and Ramona Diaz, filed a petition for writ of mandamus in the above cause on April 15, 2011, seeking to compel the trial court to vacate its order of January 5, 2011, compelling arbitration, and its order of March 11, 2011, denying reconsideration and clarification. The Court requested and received a response to the petition for writ of mandamus from the real party in interest herein, and further received a reply thereto from the relators. As stated herein, we deny the petition for writ of mandamus.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. Sometimes, "[a]n appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. According to the Texas Supreme Court:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.* at 136. In 2006, in order to ensure consistency between federal and state procedures, the Texas Supreme Court held that mandamus was generally not available to review orders compelling arbitration so that federal and state procedure would be

2

consistent. *See In re Palacios*, 221 S.W.3d 564, 565 (Tex. 2006) (orig. proceeding). In 2009, the Texas Supreme Court reaffirmed this proposition and stated that mandamus is "generally unavailable" to review orders compelling arbitration because petitioners can "rarely" show that they lack an adequate remedy by appeal. *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 841-42 (Tex. 2009) (orig. proceeding). The supreme court explained that generally the adequacy of an appellate remedy "depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding"; however, because both the federal and state arbitration acts specifically exclude immediate review of orders compelling arbitration, "any balancing must tilt strongly against mandamus review." *Id.*

The Court, having examined and fully considered the petition for writ of mandamus, the response to the petition for writ of mandamus, and the reply thereto, is of the opinion that relators have not shown themselves entitled to the relief sought under the standard delineated in *In re Gulf Exploration*. *See id.*; *Abdel Hakim Labidi, M.D. v. Sydow*, 287 S.W.3d 922, 926 (Tex. App.–Houston [14th District] 2009, no pet.) (consolidated appeal & orig. proceeding); *see also Circle Zebra Fabricators, Ltd. v. Ams. Welding Corp.*, Nos. 13-10-00504-CV & 13-10-00591-CV, 2011 Tex. App. LEXIS 1945, at **13-14 (Tex. App.–Corpus Christi Mar. 17, 2011, no pet.) (consolidated appeal and orig. proceeding) (mem. op.). Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
13th day of May, 2011.

3