

# NUMBER 13-14-00333-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ESTEBAN MIGUEL GUERRA AND NADIA HERLINDA GUERRA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Memorandum Opinion Per Curiam[1]

On June 17, 2014, relators Esteban Miguel Guerra and Nadia Herlinda Guerra filed a petition for writ of mandamus seeking to set aside an order compelling arbitration. Relators also requested emergency temporary relief to stay the arbitration proceedings. This Court granted the request for temporary relief, ordered all arbitration proceedings to be stayed, and requested the real party in interest, the Honorable Rolando Cantu, to file a response to the petition for writ of mandamus. On June 30, 2014, the real party filed his response to the petition for writ of mandamus.

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is appropriate when the relator demonstrates that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding).

A trial court clearly abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Under previous law, mandamus was available to review orders either compelling or denying arbitration under the FAA Act. *See Freis v. Canales*, 877 S.W.2d 283, 284 (Tex. 1994). However, in 2006, in order to ensure consistency between federal and state procedures, the Texas Supreme Court held that mandamus was generally not available to review orders compelling arbitration so that federal and state procedure would be consistent. *See In re Palacios*, 221 S.W.3d 564, 565 (Tex. 2006) (orig. proceeding). In

2

2009, the Texas Supreme Court reaffirmed this proposition and stated that mandamus is "generally unavailable" to review orders compelling arbitration because petitioners can "rarely" show that they lack an adequate remedy by appeal. *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 841–42 (Tex.2009) (orig. proceeding). The supreme court explained that generally the adequacy of an appellate remedy "depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding"; however, because both the federal and state arbitration acts specifically exclude immediate review of orders compelling arbitration, "any balancing must tilt strongly against mandamus review." *Id.*

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. Specifically, relators have not shown that they lack an adequate remedy by appeal. *See In re Palacios*, 221 S.W.3d at 565; *In re Gulf Exploration, LLC*, 289 S.W.3d at 841–42; *Frontera Generation Ltd. P'ship v. Mission Pipeline Co.*, 400 S.W.3d 102, 114 (Tex. App.—Corpus Christi 2012, no pet.) (combined appeal & orig. proceeding). Accordingly, relators' "Motion to Abate and Refer to Mediation" is DENIED. The stay previously imposed by this Court is LIFTED. *See* Tex. R. App. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The petition for writ of mandamus is DENIED. *See id.* 52.8(a).


PER CURIAM

Delivered and filed the
2nd day of July, 2014.

3