

# NUMBER 13-18-00204-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RAUL COSS BU
## AND CONSTRUCTORA COSS BU, S.A. DE C.V.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Hinojosa
### Memorandum Opinion by Justice Contreras

Relators Raul Coss Bu and Constructora Coss Bu, S.A. de C.V. filed a petition for writ of mandamus in the above cause seeking to set aside an order compelling arbitration in the underlying lawsuit arising from multiple loan agreements and collection efforts by real party in interest, Calle Naranjo, L.L.C. (Calle). By order previously issued, this Court granted relators' emergency motion for temporary relief and requested a response to the petition for writ of mandamus from Calle.

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists.

*In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Under this standard of review, we defer to the trial court's factual determinations that are supported by evidence, but we review the trial court's legal determinations de novo. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). A trial court abuses its discretion concerning factual matters if the record establishes that the trial court could have reached only one conclusion. *Walker*, 827 S.W.2d at 841.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. Mandamus "may be essential to preserve important substantive and procedural rights from impairment or

2

loss, [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *In re Prudential Ins. Co. of Am.* 148 S.W.3d at 136.

In 2006, to ensure consistency between federal and state procedures, the Texas Supreme Court held that mandamus was typically not available to review orders compelling arbitration. *See In re Palacios*, 221 S.W.3d 564, 565 (Tex. 2006) (orig. proceeding). In 2009, the Texas Supreme Court reaffirmed this proposition and stated that mandamus is "generally unavailable" to review orders compelling arbitration because petitioners can "rarely" show that they lack an adequate remedy by appeal. *In re Gulf Exploration, L.L.C.*, 289 S.W.3d 836, 841–42 (Tex. 2009) (orig. proceeding). The supreme court explained that the adequacy of an appellate remedy "depends on a careful balance of the case-specific benefits and detriments of delaying or interrupting a particular proceeding." *Id.*; *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. However, because both the federal and state arbitration acts "pointedly exclude" immediate appellate review of orders compelling arbitration, "any balancing must tilt strongly against mandamus review." *In re Gulf Exploration, L.L.C.*, 289 S.W.3d at 842. The "adequacy" of an appeal may be a closer question when the legislature has weighed in on both sides of the balance as, for example, when legislative mandates conflict. *Id.*; *see*, *e.g.*, *In re Poly-America, L.P.*, 262 S.W.3d 337, 352 (Tex. 2008) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response, the record, and the applicable law, is of the opinion that relators have not met their burden to obtain mandamus relief. While we agree that relators have raised some significant issues pertaining to due process, which might balance in favor of

3

mandamus review under certain circumstances, we do not agree that the record establishes that the trial court abused its discretion regarding these matters. Further, relators have not established that they lack an adequate remedy by appeal regarding the remaining issues presented in this original proceeding. *See In re Gulf Exploration, L.L.C.*, 289 S.W.3d at 841–42 *See In re Palacios*, 221 S.W.3d at 565; *In re Vantage Drilling Int'l*, No. 01-17-00592-CV, __ S.W.3d __, __, 2018 WL 2666945, at *4 (Tex. App.—Houston [1st Dist.] June 5, 2018, orig. proceeding); *Frontera Generation Ltd. P'ship v. Mission Pipeline Co.*, 400 S.W.3d 102, 114 (Tex. App.—Corpus Christi 2012, no pet.) (combined app. & orig. proceeding); *see also In re Adelphi Group, Ltd.*, No. 05-16-01060-CV, 2016 WL 5266655, at *1 (Tex. App.—Dallas Sept. 22, 2016, orig. proceeding) (mem. op.). Accordingly, we lift the stay previously imposed in this case and we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), 52.10(b).

DORI CONTRERAS
JUSTICE

Delivered and filed the
12th day of June, 2018.

4